MARY S. BURR, Administratrix, *v.* JAMES H. BEERS.

A mortgagee may maintain a personal action against a grantee of the mortgaged premises who has assumed to pay the incumbrance.

He may pursue this remedy without foreclosing the mortgage and without joining the mortgagor as defendant.

APPEAL from a judgment of the Supreme Court. The action was brought to recover the amount of two mortgages executed, with his bonds, by E. F. Bullard to John Cramer, committee of the estate of Charles Burr (the plaintiff's intestate), for $1,000 and $2,000 respectively. After giving the mortgages, which covered several parcels of lands, Bullard conveyed both parcels to the defendants by a deed containing a recital and covenant in the following words: "Subject to two mortgages held by John Cramer, committee of the estate of Charles Burr, bearing date, &c. [describing the mortgages], which mortgages are deemed and taken as a part of the consideration of this conveyance, and which the party of the second part hereby assumes to pay." Charles Burr was restored to the possession and control of his estate, by an order of the Supreme Court; and he prosecuted this suit to judgment, but died pending this appeal, when the action was continued in the name of the plaintiff as his administratrix. The plaintiff on the trial proved the actual delivery of the deed by Bullard, to the defendant. The defendant objected that there was no privity of contract between him and the plaintiff; but the justice (before whom the case was tried without a jury) held otherwise. Judgment was given for the plaintiff for the amount of the mortgages, which was affirmed at a general term when the defendant appealed to this court.

*J. D. Beers*, for the appellant.

*E. F. Bullard*, for the respondent.

DENIO, J.   If the plaintiff had sought to foreclose the mort-gages in question, and to charge the defendant with the de-ficiency which might remain after applying the proceeds of the sale, and had made both the mortgagor and the present defendant parties, the authorities would be abundant to sustain the action in both aspects. (*Curtis* v. *Tyler*, 9 Paige, 432; *Halsey* v. *Reed*, id., 446; *March* v. *Pike*, 10 id., 595; *Blyer* v. *Monholland*, 2 Sandf. Ch. R., 478; *King* v. *Whitely*, 10 Paige, 465; *Trotter* v. *Hughes*, 2 Kern., 74; *Vail* v. *Foster*, 4 Comst., 312; *Belmont* v. *Coman*, 22 N. Y., 438.) But I do not understand that the right to a personal judgment for the de-ficiency is based upon the notion of a direct contract between the grantee of the equity of redemption, and the holder of the mortgage.   The cases proceed upon the principle, that the undertaking of the grantee to pay off the incumbrance is a collateral security acquired by the mortgagor, which inures by an equitable subrogation to the benefit of the mortgagee. Then the statute relating to foreclosures provides, that if the mortgage debt be secured by the obligation or other evidence of debt executed by any other person besides the mortgagor, such person may be made a defendant, and may be decreed to pay the deficiency. (2 R. S., p. 191, § 154.) Chancellor WAL-WORTH, puts the right to a personal judgment in such a case, upon the equity of this statute (9 Paige, 432); and Vice-Chancellor SANDFORD, expressly says, that the obligation is not enforced as being made by the grantee of the equity of redemption under such a deed, to the mortgagee, but as a promise by the former to the mortgagor, to pay him the amount of the mortgage, by paying it to the mortgagee in payment of his debt, which promise the mortgagee is equitably entitled to lay hold of and enforce under the equity of the statute referred to. (2 Sandf. Ch. R., 480.) It is obvious, that the judgment of the Supreme Court in the present case, cannot be sustained upon the doctrine referred to.   The plaintiff does not ask to foreclose the mortgage and does not make the principal debtor Bullard, a party.   If the judgment can be supported at all, it must be upon the broad principle that

if one person make a promise to another, for the benefit of a third person, that third person may maintain an action on the promise. Upon that question there has been a good deal of conflict of judicial opinion. As long ago as 1817, Chancellor KENT, laid it down as a point decided, and referred to not less than eight English and American cases, as sustaining the principle. (*Cumberland* v. *Codrington*, 3 J. C. R., 255); and since then it has been frequently affirmed by judges, after an attentive examination of cases, as in *Barker* v. *Bucklin* (2 Denio, 45), and in the cases therein referred to. These cases, and also those referred to by Chancellor KENT, are doubtless subject to some of the criticisms which have since been applied to them. Some of the opinions were pure *obiter dicta*, and in others, the cases though presenting the point were decided upon other grounds. It cannot however be denied, that the doctrine had been so often asserted, that it had become the prevailing opinion of the profession, that an action would lie in such a case in the name of the creditor, for whose benefit the promise was made. Finally the question came squarely before this court in *Lawrence* v. *Fox* (20 N. Y., 268), and we held, with hesitation on the part of a portion of the judges who concurred, while others dissented, that the action would lie. We must therefore regard the point as definitely settled, so far as the courts of this State are concerned.

The judgment appealed from being in accordance with the law as adjudged in that case, must be affirmed.

LOTT, J., also delivered an opinion for affirmance, and all the judges concurred.

*Judgment affirmed.*