PERKINS v. SQUIER, appellant.

*Pleading—frivolous or irrelevant answer—extension of time of payment—principal and surety.*

Defendant took a conveyance of real estate and assumed the payment of a mortgage thereon. Afterward he conveyed to another who also assumed payment of the mortgage. In an action upon the bond secured by such mortgage defendant, in his answer, set up that the holder of the mortgage had, by agreement with defendant's grantee and without defendant's consent, extended the time of payment thereof. It did not appear whether the time of extension had expired or not.

*Held*, per BRADY, J., that defendant did not stand in the relation of surety but was a principal debtor, and the extension set up as a defense was frivolous, and per INGRAHAM, P. J., that the answer was irrelevant. *Held*, BARRETT, J., *dissentiente*, that the answer was not irrelevant.

APPEAL from an order made by Mr. Justice FANCHER, striking out a portion of defendant's answer as irrelevant.

The action was brought upon a bond given by one Harriet T. Williams, secured by mortgage upon certain real estate in the city of New York, which real estate was subsequently conveyed to the defendant, subject to said mortgage, in the conveyance whereof the payment of said mortgage was assumed by defendant.

The defense stricken out consists of an allegation that the real estate was subsequently conveyed to one Payne who in turn assumed and agreed to pay said mortgage as part of the purchase-money; and that while Payne was the owner of the property under such conveyance, the holder of the bond and mortgage agreed with Payne, for a valuable consideration, and without the consent of defendant, to extend the time of payment thereof.

*Alexander Thain*, for appellant, cites 2 Pars. on Cont. 75; *Mills* v. *Watson*, 1 Sweeney, 374; *Livingston* v. *Freeland*, 3 Barb. Ch. 510, 526; Edw. on Bills, 565–569.

*George W. Carpenter*, for respondent.

BRADY, J.   The defendant purchased from the plaintiff the premises described in the complaint, subject to the mortgage thereon, which this action was brought to foreclose.   He assumed and agreed to pay it as part of the consideration money, by a covenant thereto in the deed, and became thereby a principal debtor, and liable to the holder of the mortgage.  *Burr* v. *Beers*, 24 N. Y. 178; *Ricard* v. *Sanderson*, 41 id. 179; *Thorp* v. *Keokuk Coal Co.*, 48 id. 253.  The defendant sold the premises, and one Hiram B. Payne became a grantee, deriving title through him.   The premises were sold subject to the mortgage, and the deed to Payne contained a covenant similar to that in the defendant's deed.   The plaintiff, by various assignments, became the owner of the mortgage.  While it was held by Elizabeth B. Phelps as the owner thereof, and Payne, already named, was the owner of the premises, and personally liable on his covenant for the amount of the mortgage, it is alleged that Elizabeth B. Phelps agreed with Payne to extend the time of payment, for a valuable consideration.   It does not appear for what period the time of payment was extended, or whether or not it was still running, or had expired when this action was commenced.   This extension thus stated was set up as a defense, and stricken out as frivolous. The defendant seems to have interposed it upon the theory that he was a surety as between him and the mortgagee, or between him and the plaintiff.   The answer concludes as follows : " That this defendant did not assent to said extension."   Upon the proposition that the defendant stood in the relation of surety, the answer thereto failed and was frivolous.   He is a principal debtor, upon the theory that an agreement was duly made with Elizabeth B. Phelps, and for a valuable consideration.   The answer thereto also fails, because it does not appear that the extended time had not expired.   Assuming, therefore, all the facts stated, and admitting them to be true, they do not constitute a defense.   The time may have been extended and expired.   The pleader must state facts which, grouped together, make a legal defense.   The answer, on the latter view of it, is frivolous.   See Voorhies' Code (1870), 362.   A frivolous defense is one which, admitting all the facts to be true, does not, in legal contemplation, present a sufficient answer.   The order appealed from should be affirmed.

INGRAHAM, P. J.   In *The People* v. *McCumber*, 18 N. Y. 315, irrelevancy in an answer is defined as consisting " in statements

which are not material to the decision of the case, such as do not form or tender any material issue. Matter in defense, to be pertinent and relevant, must relate to allegations of fact in the complaint _essential to the cause of action."

Applying this rule to the answer will dispose of this appeal. It seems to be conceded that the answer does not form a material issue. It sets up matter which is not a good defense, and within the above definition is irrelevant. The order should be affirmed.

BARRETT, J. (dissenting.) The motion below was not, under § 160 of the Code, to strike out irrelevant or redundant matter contained in a defense. It was, under § 152, to strike out an entire defense as irrelevant. The particular defense stricken out may be bad; upon demurrer it may even be frivolous, but in my judgment it is not irrelevant.

It "relates and pertains" to the cause of action stated in the complaint. It is, therefore, "relevant" to that cause· of action, within the rule laid down by our general term in *Fasnacht* v. *Stehn*, 53 Barb. 650.

I think the order appealed from should be reversed.

*Order affirmed.*