HANNAH STEPHENS, RESPONDENT, *v.* JOHN CASBACKER, APPELLANT.

*Grantee assuming mortgage — may be released by his grantor — Assent of mortgagee not necessary.*

John Hoffman executed a mortgage to the plaintiff; afterward he conveyed the premises covered by the mortgage to the defendant Casbacker, subject to such mortgage which Casbacker assumed to pay. Casbacker entered under his deed and made payments on the mortgage, to the plaintiff. Afterward, Hoffman requested Casbacker, in writing, to convey the premises to his brother Lewis, and in consideration thereof executed a release, under seal, to Casbacker, of all obligations assumed by Casbacker under the deed from him. In an action by the plaintiff against Casbacker, to recover the amount due on the mortgage, *held*, that the release by Hoffman to Casbacker operated as a discharge from all obligations assumed under the deed to him.

APPEAL from a judgment, entered upon the report of a referee, in favor of the plaintiff and against the defendant, for $3,630.50.

The plaintiff, Hannah Stephens, on October 21st, 1871, conveyed to John Hoffman an acre or thereabouts of land, in the town of Leyden, in the county of Lewis, on which were buildings occupied as a tavern stand. At the same time, to secure the payment of the price of the premises, John Hoffman executed to Hannah Stephens, the plaintiff, his bond with a mortgage on the premises for $3,600, payable in installments with annual interest, and Hoffman took possession of the premises and continued in possession till July 12th, 1872, when he sold and conveyed the premises

to the defendant in this action, John Casbacker, the deed accepted by Casbacker containing this clause : " Subject, however, to a certain mortgage executed by said John Hoffman to Hannah Stephens, to secure the payment of the purchase-price of said premises, and which said mortgage is assumed by said John Casbacker." Casbacker took possession of the premises under this deed and made some payments on the mortgage to the plaintiff, till about April 5th, 1873, when John Hoffman bargained with him for a reconveyance of the premises, and by an instrument in writing requested the defendant to convey the premises to John's brother, Lewis Hoffman, who, he said, was fully authorized to receive such conveyance, and in consideration of said reconveyance or conveyance to his brother, at his request, said John Hoffman executed and delivered to the defendant an instrument in writing, under his seal, whereby he released the defendant from all the obligations assumed by the latter on the purchase of said premises, and especially all liability on the mortgage given by him, John Hoffman, to Hannah Stephens, for the purchase money of said premises, and the defendant accordingly conveyed the mortgaged premises, April 7th, 1873, to said Lewis Hoffman by deed, charging the plaintiff's mortgage on the premises, and stating its payment was assumed by said Lewis Hoffman. The defendant thereupon removed from the premises, which were taken possession of by said Lewis Hoffman, who has ever since continued in the actual or constructive possession thereof as owner. Lewis Hoffman made a payment on the mortgage to the plaintiff, July 25, 1873, and she receipted it to him. Also another payment in November, 1873, which she also acknowledged to him and indorsed its receipt as from him on the bond.

In October, 1873, the plaintiff caused an insurance to be effected on the buildings, for $1,500, and paid the premium out of the money she had received from Lewis Hoffman to apply on the mortgage. In December, 1873, the buildings on the premises were destroyed by fire. The insurance company failed, and nothing was realized from the insurance.

The mortgage has not been foreclosed; the premises are now insufficient security for the debt, and this action was brought to compel the defendant, John Casbacker, to pay it, on the theory

that he remains personally liable to the plaintiff on account of his contract with John Hoffman.

*B. J. Beach*, for the appellant.

*Ward Hunt, Jr.*, for the respondent.

E. DARWIN SMITH, J.:

Within the cases of *Burr* v. *Beers* (24 N. Y., 178); *Ricard* v. *Sanderson* (41 id., 179); *Thorp* v. *The Keokuk Coal Company* (48 id., 253); and *Lawrence* v. *Fox* (20 id., 268), it must be deemed settled law in this State that where a party accepts a deed of land subject to a mortgage and assumes to pay such mortgage as part of the purchase-price of said premises, that the holder of such mortgage may maintain an action at law upon such covenant, against such grantee, for the amount remaining unpaid upon such mortgage according to its terms or those of the bond accompanying the same.

It is needless to discuss the principle upon which such right of action rests, as the judges have quite obviously been unable to agree on that point; but have agreed with considerable unanimity that the law will imply whatever of reason or principle may be necessary to sustain the action. It is too late to question the reason or the law.

This case presents a new element for discussion not embraced in either of the above mentioned cases, or in any of the numerous cases in the reports of this State where the doctrine asserted in *Lawrence* v. *Fox* (*supra*) has been followed or asserted, except the case of *Hartley* v. *Harrison* (24 N. Y., 170).

In this case it appears that the plaintiff sold the land to one John Hoffman and took from him the bond and mortgage in question. Said Hoffman afterward sold the said premises to the defendant, subject to said mortgage, which the defendant assumed to pay. The defendant went into possession, and made one or two payments on said mortgage, and then, at the instance and written request of the said John Hoffman, conveyed said premises to a brother of said Hoffman, and on the same day took from said Hoffman a release under seal duly executed by said Hoffman releasing him from all

liability on the bond and mortgage to the plaintiff, and from all obligation assumed by him in the purchase of said premises, and agreeing himself to pay any deficiency which might arise upon a foreclosure. The defendant surrendered possession of said premises on the execution of such deed and release to Lewis Hoffman, the grantee in such deed.

The learned referee, upon the authority of the above mentioned case of *Hartley* v. *Harrison*, held that such release did not discharge the liability of the defendant assumed in the deed to him from said Hoffman, to pay the mortgage of the plaintiff referred to in said deed.

The covenant in said deed to pay the mortgage held by the plaintiff on said premises was strictly a contract between the defendant and John Hoffman. The consideration, a conveyance of said land, came from John Hoffman. There was no privity of contract between the defendant and the plaintiff.

It is difficult to see upon what principle, if John Hoffman and the defendant were competent to make such contract, they were not likewise competent to change or rescind the same.

While the defendant remained in possession of said premises and said covenant remained as between the parties in full force unrevoked or unrescinded, the plaintiff might doubtless have maintained an action upon it, or held the defendant responsible for any deficiency upon a foreclosure of said mortgage. But I can see no ground or reason in principle, why during such period the said Hoffman might not release the defendant from the personal obligation involved in such covenant, leaving the land simply subject to said mortgage, as he might have originally conveyed the same.

The case of *Hartley* v. *Harrison* does not, I think, fairly considered, sustain the decision of the learned referee, that the defendant remained liable upon the covenant in said deed after the execution and delivery of said release. Some of the parts or passages in the opinion in that case do undoubtedly go to that extent and warrant the conclusion of the referee, but these parts of the opinion are mere dicta, and were clearly not assented to by the other members of the court.

The report of the case states that all the judges concurred in the

result except Judge COMSTOCK; that they disclaimed, however, any intention to pass upon the question whether the releases were not valid and effectual to discharge the grantee, Joseph Harrison, from any liability to the mortgagee for the payment of the mortgage, and Judge COMSTOCK dissented from the decision.

That was an action in equity for the foreclosure of three mortgages. Two of said mortgages were given upon a usurious agreement for a loan of money. Subsequent to the execution of said mortgages, the mortgagor sold and conveyed the land covered by said mortgages, to the defendant Joseph Harrison, by deed, with warranty, subject to the payment of said mortgages, which the grantee in said deed assumed to pay as part of the purchase money for said land and premises. After issue joined in said action the said original mortgagor released the defendant from the covenant contained in said deed, and covenanted that the said agreement contained in said deed in respect to the said mortgages was annulled, and that such conveyance should have the same effect as if such agreement was not contained therein.

The cause was tried by a referee, who held that the release and covenant was inoperative to authorize the grantee of the land to avail himself of the defense of usury; that the relations of the parties to the premises which had been appropriated as the fund for the payment of the mortgage could not be changed without the assent of the plaintiff, and directed judgment for the sale of the land for the payment of the mortgages, and that neither the mortgagor nor Joseph Harrison, the grantee in said deed, were personally liable for any deficiency that might arise upon the sale.

The learned referee, the Hon. Addison Gardiner, did in fact give effect to said release, and held that the mortgagor was discharged thereby from personal liability on the covenant in said deed. This decision was affirmed at the General Term in the seventh district, I presume, upon the opinion of the referee.

The affirmance of this judgment in the Court of Appeals, where six of the eight judges declined to pass upon the question whether the release was valid and effectual to discharge the grantee from any personal liability to pay said mortgage, with the distinct opinion of Judge COMSTOCK on the point, in which, in his dissenting opinion, he said that " he had doubt such was the effect of the

release," certainly must leave the affirmative and negative weight of opinion on the point in favor of the validity of such release.

The judgment in that case was clearly right upon the ground upon which it was put by the referee. The mortgage remained a valid lien upon the land, and was not subject to a defense of usury interposed by Joseph Harrison, who had taken the title to it subject to the mortgage without payment of any other consideration. The Court of Appeals affirmed this view, and nothing else, I think, in the decision.

I think we should, therefore, follow the actual decision in that case, as made by the referee and affirmed in this court and the Court of Appeals, that a release executed as the one was in this case by Hoffman to the defendant, was and is a valid discharge of his covenant, so far as relates to his personal liability thereon, leaving the land subject to the mortgage. There is no reason in law or equity, as I can conceive, which should lead us to an opposite conclusion. It would be a great hardship and wrong, as it seems to me in this particular case, to apply a different rule to this defendant. He had relinquished the possession and title of the land to his grantor after receiving the release in question. It was a virtual rescission of the contract of sale with a reconveyance of the land, and I cannot admit that there is any principle of law which requires that he be held to any further liability upon said deed or conveyance.

The judgment should therefore be reversed and a new trial granted, with costs to abide the event.

Judgment reversed.

TALCOTT, J., concurred ; MULLIN, P. J., dissented.

Judgment reversed and new trial granted before another referee, with costs to abide event.

The precise point presented in the above case seems to have been discussed by the present Court of Appeals, in distinguishing between the liability of a second mortgagee, who assumed payment of a first mortgage, and that of a grantee assuming such liability, in *Garnsey* v. *Rogers* (47 N. Y., 242), where the court say : "It must further be considered that, when such an assumption is made on an absolute conveyance of land, it is unconditional and irrevocable. The grantor cannot retract his conveyance, or the grantee his promise or undertaking." * * * "The reservation of this right" (*i. e.*, of the grantor to discharge

the grantee from the payment of the mortgage) "is inconsistent with the idea that the assumption by the grantee was for the benefit of the prior mortgagee; for, if it were, the grantor would have no control over the rights thus acquired by a third party."

This case was not cited in the points of counsel, and does not appear to have been brought to the attention of the court.

In the Second Department, in *Simson* v. *Brown* (6 Hun, 251), it is held, that the rights of the party for whose benefit the contract is made cannot be taken from him by the act of the other parties.— [Rep.