BENJAMIN C. THAYER, RESPONDENT, v. JAMES MARSH, APPELLANT.

*Mortgages on real estate in other States — presumption as to place of execution — 3 R. S. (5th ed.), 29, § 159; — not applicable to such mortgages — Purchase-money mortgage — personal liability of mortgagor — assumption of mortgage by subsequent grantee.*

Where a mortgage is given upon land situated in another State, and nothing is alleged or proven as to its place of execution, it is presumed to have been executed in the place where the land is situated.

At common law a purchase-money mortgage executed in the usual form, constitutes a sufficient acknowledgment of an existing indebtedness to authorize a

promise by the mortgagor to pay the same to be implied therefrom, and the liability thereby imposed upon him is sufficient to validate an agreement made in a conveyance from him by which his grantee agrees to assume the same.

Where a person accepts a conveyance of real estate subject to a mortgage, which he assumes as a part. of the consideration-money of the conveyance, he will not be allowed to protect himself against the performance of the obligation so assumed by denying the personal liability of his grantor for the payment of the said mortgage.

Section 159, 3 Revised Statutes, 29, providing that no mortgage shall be construed as implying a covenant for the payment of the sum intended to be secured thereby, does not apply to a mortgage executed in another State upon land situated therein.

APPEAL from a judgment in favor of plaintiff recovered on trial before the court, without a jury.

*Edward H. Hawke,* for the appellant.

*Joseph H. Shoudy,* for the respondent.

DANIELS, J. :

The plaintiff recovered as the assignee of a mortgage given by Frank Pulver and wife, to secure the sum of $3,500, as part of the purchase-price of the premises described in it. After the execution and delivery of the mortgage they conveyed the same premises, by warranty deed, to the defendant for the consideration of $6,500. This deed contained the following clause : " This conveyance is subject, however, to the payment, by the party of the second part, of two mortgages thereon, one for twenty-five hundred dollars ($2,500), given by George A. Raymond and wife, to George S. Porter May 17, 1873, and now held by the Real Estate Trust Company, and one for thirty-five hundred ($3,500) dated June 14, 1873, made by the parties of the first part, hereto, to George S. Porter, which mortgages are assumed by the party of the second part, as part of the consideration above expressed for this conveyance." The mortgage itself was not given in evidence upon the trial, neither was it particularly described in the pleadings. But the fact was alleged and admitted that at the time, and for the amount stated in the deed, the mortgage had been given by Pulver and wife. And the allegation that it was also given to secure the sum mentioned in it, as a

portion of the purchase-price of the property, was not denied. It may be inferred from these circumstances, that the mortgage was in the usual form of a security for the purchase-price of the property. And if that was its character, then the security created by it for the purchase-money would be sufficient to constitute an implied acknowledgment of a liability for its payment. It was not in any form alleged that the purchase-money secured was a debt against any other person than one or both the mortgagors. And in the absence of any suggestion of that nature, it may be reasonably presumed that their object in executing it, was to secure a debt incurred by themselves in the purchase of the land.

The land mortgaged and conveyed by the deed to the defendant was situated in the State of New Jersey. And as it was neither shown, nor in any form alleged, that the mortgage was executed in this State, that may be assumed to have been done in the State of New Jersey; for conveyances of land are presumed to be made in view of the property conveyed or incumbered. ( *Wendell* v. *People,* 8 Wend., 183, 190 ; *Van Wyck* v. *Wright,* 18 id., 157, 165.) And by affording that presumption its appropriate effect, the mortgage must be deemed to have been made in the State in which the property affected by it was situated. For that reason it cannot be held to be within the provision of the statute of this State, which has provided that no mortgage shall be construed as implying a covenant for the payment of the sum intended to be secured. (3 R. S. [5th ed.], 29, § 159.) But it must be construed according to the principles of the common law as they do not appear to have been changed by legislation in the State of New Jersey. And by them a covenant to pay will be implied from the mere acknowledgment of an existing indebtedness. (*Elder* v. *Rouse,* 15 Wend., 219 ; and cases cited.) The case of *Culver* v. *Sisson* (3 Comst., 264) is not inconsistent with this proposition, for it was decided upon the ground that the instrument relied upon in support of the action contained nothing amounting to such an acknowledgment. While it is further sustained by that of *Hart* v. *Bruton* (7 J. J. Marsh., 322), where it was held that a promise to pay might be implied from the use of the term borrowed, in an instrument given to create a security. The deed received by the defendant was made and accepted upon the theory that the grantors had become liable,

by means of their mortgage, to pay the mortgage debt. For that reason they made this provision for their protection against that liability, with the privity and assent of the defendant. It was as effectually done as if so much money had been placed in his hands for that purpose. The property was sold for the entire consideration of $6,500. And instead of insisting upon the payment of $3,500 of it by the defendant, it was left in his hands to pay off the mortgage, and by accepting the deed with the clause referred to, which was contained in it, he undertook to make that payment, and in that manner extinguish the assumed liability of the grantor for the debt. Within the cases, as they now stand, that was sufficient to render the defendant personally liable to the mortgagee and its subsequent assignee, for the payment of the sum secured by the mortgage. (*King* v. *Whitely*, 10 Paige, 465; *Trotter* v. *Hughes*, 2 Kern., 74; *Burr* v. *Beers*, 24 N. Y., 178; *Van Schaick* v. *Third Ave. R. R. Co.*, 38 id., 346; *Campbell* v. *Smith*, 15 N. Y. S. C. [8 Hun] 6; *Garnsey* v. *Rogers*, 47 N. Y., 233.)

In the case of *Trotter* v. *Hughes* (*supra*), the premises were merely conveyed, subject to the mortgage. Its payment was not assumed as part of the purchase-price of the land, as it was in the case now under consideration. And after that case was decided, it was considered by the Court of Appeals, and so held, that such an agreement on the part of the purchaser, created a personal liability for the payment of the debt. (*Burr* v. *Beers*, *supra*.) It is true the grantor was, in that instance, personally liable for the demand, but no stress was placed upon that circumstance in the decision of the case. That proceeded upon the agreement made by the grantee when he accepted the deed containing a statement of it. And it was considered as extending his liability, and for that reason in conflict with the early case of *King* v. *Whitely*, by the decision made in *Garnsey* v. *Rogers* (47 N. Y., 238, 240, 241). The principle which was sanctioned, is broad enough to include all cases where one person receives money or property from another, and in consideration thereof agrees to deliver the money or pay the price of the property to a third person. The individual making the agreement should not be allowed to protect himself against the performance of the obligation voluntarily assumed by him, by contesting the liability of the party providing the fund. The agreement made

by the defendant, rendered its performance subject to no such contingency. But it was positive in its character that payment would be made on account of the property placed in his hands; for that reason he should not be permitted to refuse the payment and still hold and enjoy the property for which that was a portion of the price. And substantially for that reason it was held that the action could be maintained under circumstances similar to those now presented in the case of *Vrooman* v. *Turner* (15 N. Y. S. C., 78). The judgment recovered in this case was just and right, and it should be affirmed.

Davis, P. J., and Brady J. concurred.

Judgment affirmed.