## Joseph W. Campbell, Respondent, v. James R. Smith, Appellant.

H. executed and delivered to B. a deed of certain premises upon which was a mortgage executed by H., held by plaintiff, the deed recited the deduction of the amount of the mortgage from the purchase-price, and contained a covenant on the part of the grantee to pay the same. The name of the grantee was left in blank with authority to B. to insert the name of any person. B., being indebted to a firm of which defendant was a member, agreed with the latter to insert his name in the deed, and that any profits which might be made should be applied on the firm debt; defendant subsequently conveyed the premises. Plaintiff foreclosed without making defendant a party. In an action brought upon the covenant in the deed to recover a deficiency arising on foreclosure, *held*, that defendant by consenting to the insertion of his name as grantee and accepting the deed, occupied the position of purchaser, with all the rights and obligations incident to that position as between him and the grantor, and plaintiff was entitled to enforce the covenant against him; that the arrangement with B. did not impair the right of H. or of plaintiff, it was collateral to the deed, and only affected the parties to it.

Also, *held*, that the consent of the Supreme Court was not necessary to authorize the commencement of the action.

*Garnsey* v. *Rogers* (47 N. Y., 233) distinguished.

(Argued September 24, 1877; decided October 2, 1877.)

Appeal from order of the General Term of the Supreme Court, in the second judicial department, reversing a judgment in favor of defendant, entered upon a decision of the court on trial without a jury. (Reported below, 8 Hun, 6.)

This action was brought by plaintiff, as assignee of a bond and mortgage executed by Maria C. Hood upon certain premises in Brooklyn, to recover a deficiency arising upon foreclosure sale, upon an alleged covenant in a deed from said Maria C. Hood to defendant, assuming and agreeing to pay the mortgage.

The court found, in substance, among other things, that the mortgagor, in pursuance of an agreement of sale made with one Burtis, executed and delivered to the latter a deed of the premises which recited that the amount of the mort-

Statement of case.

gage was deducted from the purchase-price, and the conveyance was subject thereto; and contained a covenant on the part of the grantee to pay the same. The name of the grantee was left blank, and Burtis was authorized to insert the name of any person as grantee. Burtis thereafter, being indebted to a firm of which defendant was a member, agreed with the latter that he would insert his name in the deed, and that any profits arising from a sale or other disposition of the premises should be applied upon said indebtedness. Burtis thereupon inserted defendant's name as grantee in the deed, and had the same recorded with defendant's knowledge and consent. Burtis thereafter procured a purchaser, and defendant at his request conveyed the premises subject to the mortgage, the deed containing a similar covenant. Plaintiff subsequently foreclosed his mortgage without making defendant a party, and upon foreclosure sale a deficiency arose. Defendant's grantee was made a party to the foreclosure sale, but no judgment for any deficiency was demanded or taken against him.

The court found that the deed was accepted by defendant as security for the indebtedness of Burtis to defendant's firm, and that defendant was entitled to judgment. Judgment was entered accordingly.

*D. P. Barnard,* for appellant. Plaintiff could not maintain this action without authority from the Supreme Court. (2 R. S., 191, § 153, art. 6, chap. 1, part 3, title 2; *Cook* v. *Grant,* 1 Paige, 407; *Eq. L. Ins. Co.* v. *Stevens,* 63 N. Y., 341.) Defendant, though a grantee of the premises, was in no sense a purchaser. (*Lawrence* v. *Fox,* 20 N. Y., 268; *Hartley* v. *Harrison,* 24 id., 170; *Burr* v. *Beers,* id., 178; *Thorp* v. *Keokuk Coal Co.,* 48 id., 253; *Guernsey* v. *Rogers,* 47 id., 233.)

*J. T. Marean,* for respondent. The covenant in the deed was, a promise for the benefit of plaintiff and enforceable by him. (*Lawrence* v. *Fox,* 20 N. Y., 268; *Burr* v.

*Beers*, 24 id., 178; *Thorp* v. *Keokuk Coal Co.*, 48 id., 253; *Ricard* v. *Sanderson*, 41 id., 179; *Guernsey* v. *Rogers*, 47 id., 233.)

CHURCH, Ch. J.    We concur with the General Term that the case of *Garnsey* v. *Rogers* (47 N. Y., 233), is not con- trolling in favor of the defendant.    In that case a debtor conveyed to his creditor certain premises by deed as security for his debt, and it was held that an agreement in the deed that the creditor would pay a prior incumbrance was for the benefit and protection of the debtor, and did not enure to the benefit of the holder of the incumbrance, within *Law- rence* v. *Fox* (20 N. Y., 268), and kindred cases; and that upon the payment of the debt, and a reconveyance of the premises to the debtor, with the assumption upon the part of the latter of the incumbrance, the creditor was released from all obligation upon his covenant in the deed.    Here no such relation existed between Hood, the grantor, and the defendant.    The former conveyed absolutely all her interest in the premises, and the defendant, by consenting to the insertion of his name as grantee and accepting the convey- ance, occupied the position of purchaser.    As between them the relation of grantor and grantee existed, with all the rights and obligations incident to that position.    The covenant to pay the mortgage was absolute, and the mortgagee had · the right to enforce it.    The principle that when A., for a valu- able consideration, agrees with B. to pay his debt to C., the latter can enforce the contract against A., has been repeat- edly adjudicated, and is applicable to the transaction devel- oped in this case.    (20 N. Y.. 268; 24 id., 178; 41 id., 179; 48 id., 253.)

The transaction with Burtis did not impair the right of Hood, nor the plaintiff as assignee of the mortgagee.    That was an arrangement collateral to the deed, and affected only the parties to it.    The relative rights of Burtis and the defendant are not involved in this action.    The defendant consented to occupy the position of grantee in the deed,

under an agreement with Burtis, which cannot affect the plaintiff.

It is unnecessary to consider whether the defendant is entitled in equity to the right of redemption.

The point that the consent of the Supreme Court was necessary to authorize the commencement of this action, under 2 Revised Statutes, 191, is not tenable, as we have decided in a similar case argued at this term.[*]

The judgment must be affirmed.

All concur.

Judgment affirmed.

[*] *Comstock* v. *Drohan* (*ante* p. 9).