DOUGLASS agt. WELLS *et al.*

*Action to foreclose mortgage—Personal judgment for deficiency claimed against grantee—Conveyance to him contained promise to pay mortgage—the grantor released him from this promise—Release pleaded by grantee in bar—Demurrer.*

Where A accepts a conveyance of mortgaged premises from B, the former assuming the payment of the bond and mortgage, A becomes, as between himself and B, personally liable for the mortgage debt, and the holder of the claim (the mortgagee) may enforce such liability by personal judgment against him.

It is not competent for the grantor to discharge such personal liability of the grantee, without the assent of the mortgagee, even before the latter has taken any step in his own behalf for its enforcement.

When such an assumption is made on an absolute conveyance of land, it is unconditional and irrevocable. The grantor cannot retract his conveyance, or the grantee his promise or undertaking.

The plaintiff (the mortgagee), so soon as the grantee accepted the deed of the mortgaged premises and assumed the payment of the mortgage debt, had an absolute vested right to the enforcement of such obligation. This right could not be taken from him without his assent. He alone might discharge it.

*Third Department, General Term, May,* 1879.

*Before* LEARNED, P. J. BOCKES *and* BOARDMAN, JJ.

THIS is an action to foreclose a mortgage. Personal judgment for deficiency is claimed against Frank E. Wells, the

Douglass agt. Wells *et al.*

grantee of the mortgaged premises. The conveyance to him contained a promise that he should pay and satisfy the mortgage. The grantor, George H. Wells, released him from this promise. The release was pleaded by the grantee, Frank E. Wells, in bar. The plaintiff demurred to the answer, wherein a release by George to Frank was set up as a defense to the claim by the mortgagee of personal liability against the latter. The court, at special term, gave judgment for the defendant on the demurrer. From such judgment this appeal is taken.

Bookes, *J.*— This proposition is not disputed, that Frank E. Wells, on accepting the conveyance of the mortgaged premises from George H. Wells and wife, wherein the former expressly assumed the payment of the bond and mortgage in suit, became, as between himself and George, primarily liable for the mortgage debt; and further, that the holder of the claim (the mortgagee) might enforce such liability by personal judgment against him. But it is insisted that it was competent for George to discharge such personal liability against Frank, without the assent of the mortgagee, at any time before the latter had taken any step in his own behalf for its enforcement. The court so held at special term, and gave judgment for the defendant on the demurrer to the answer, wherein a release by George to Frank was set up as a defense to the claim by the mortgagee of personal liability against the latter. The ruling at special term is supported by the decision in *Stevens* agt. *Casbacker* (15 *N. Y. Sup. Ct.* [8 *Hun*], 116). In that case, as in the case in hand, the grantee had reconveyed to his grantor, and the latter had released the former from his agreement to pay the mortgage debt, and had gone into possession under the deed of reconveyance before the mortgagee commenced his action, in which he sought to charge the party personally on his agreement. The court held that the release was effectual as a discharge against the claim of the mortgagee. The learned judge says:

Douglass agt. Wells *et al.*

" While the defendant remained in possession of the premises and the covenant remained as between the parties in full force, unrevoked or unrescinded, the plaintiff might doubtless have maintained an action upon it, or held the defendant responsible for any deficiency upon a foreclosure of the mortgage." And he adds : " But I can see no ground or reason in principle why, during such period, the grantor might not release the defendant (his grantee) from a personal obligation involved in such covenant, leaving the land simply subject to the mortgage, as he might originally have conveyed the same." This case, however, stands, as it is believed, alone in support of the doctrine advanced in it, among the reported decisions in this state. There is a class of cases which, as is urged by the respondent's counsel, gives countenance and support to *Stevens* agt. *Casbacker*, as for instance, *Kelly* agt. *Roberts*, 40 *N. Y.*, 432 ; *Whiting* agt. *Gearty*, 7 *Weekly Dig.*, 97 ; *Moore* agt. *Ryder*, 65 *N. Y.*, 438, 442 ; *Dunham* agt. *Birchoff*, 47 *Ind.*, 211 ; *Day* agt. *Patterson*, 18 *Ind.*, 117 ; *Manson* agt. *Bartholomew*, 19 *Alb. L. J. (Ind. case)*, 52 ; *Ætna Bank* agt. *Fourth Nat. Bank*, 46 *N. Y.*, 82–92 ; *Simson* agt. *Brown*, 68 *N. Y.*, 355–361 ; *Vrooman* agt. *Turner*, 69 *N. Y.*, 280 ; *Trotter* agt. *Hughes*, 12 *N. Y.*, 74 ; *King* agt. *Whitely*, 10 *Paige*, 465. But the decisions in those cases were mostly placed upon the ground of a want of privity between the promissor and the third party, for whose benefit the promise was made ; although privity of contract between the latter and the promissor is not necessary to the right of action on the undertaking, so be it that a legal obligation or duty rests upon the promissee, to the party to be benefited by it (*Remarks of* ALLEN, J., *in Vrooman* agt. *Turner*, 69 *N. Y.*, *page* 284). But to return to the case of *Stevens* agt. *Casbacker*. It is believed that the decision in this case is hostile to many others in this state, and cannot be upheld as sound. But, before calling attention to those cases, it may be well to give a passing notice to a remark contained in *Whiting* agt. *Gearty* (7 *Weekly Dig.*, 97), above

cited. It was said, in the very brief report of that case, now before us, and upon the strength of the decision in *Kelly* agt. *Roberts* (40 *N. Y.*, 432), that "in the absence of notice to the mortgagee of the assumption of the mortgage by the grantor, or in the absence of an acceptance by the mortgagee of such assumption, the grantee may be released by the mortgagor. But, on recurring to *Kelly* agt. *Roberts*, it will be seen that this question was not before the court in that case, nor does it, indeed, give support to the remark in *Whiting* agt. *Gearty*. *Kelly* agt. *Roberts* was decided upon an entirely different principle, to wit, on the ground that there was no privity of contract between the promissor and the third party, nor any privity to the consideration; that the plaintiff was an utter stranger to the contract, having no right or interest in the subject-matter of it. The remark above cited, in *Whiting* agt. *Gearty*, is unsupported by the decision in *Kelly* agt. *Roberts*. Besides, the remark was *obiter;* for all that was necessary to the decision in *Whiting* agt. *Gearty* was the proposition that, after notice to the mortgagee and acceptance by him of the assumption by the grantee, a valid release could only come from the former, upon the principle that a release, to be effectual, must come from a person vested with the right. All else that was said, or that was attempted to be decided in that case was entirely *obiter*, as that case was presented on the facts. We may, then, in the further examination of this case, commence with *Lawrence* agt. *Fox*, (20 *N. Y.*, 268), where it was held, in general terms, that an action would lie on a promise made by the defendant, upon valid consideration, to a third person, for the benefit of a plaintiff, although the plaintiff was not privy to the consideration. The question whether the original promisee could have released the promissor from the obligation was not in the case except argumentatively. But judge GRAY, in whose opinion five of his associates concurred, said, in substance, that he thought it would be difficult to maintain the right of the original promisee to discharge the obligation of the

promissor to the third party, for whose benefit it was made, and who, in accordance with legal presumption, would be deemed to have accepted it, until *his dissent was shown.* Next in order, in the court of appeals, is *Hartley* agt. *Harri son* (24 *N. Y.*, 170), where it was held that when land is conveyed subject to a usurious mortgage, which the grantor assumes to pay, the mortgagee acquires a right to an appropriation of the land for that purpose, which cannot be diverted without his assent. Here there was a release of the covenants and agreements contained in the deed by the grantor to the grantee, executed, however, after the mortgage foreclosure suit was commenced. The release was held inoperative to open the defense of usury to the grantee. But the question whether the personal liability assumed by the grantee was or was not discharged by the release of his grantor, was not passed upon by the court. Judge MASON in his opinion, however, spoke very emphatically on this subject. He said the grantee's liability to the mortgagee was fixed the moment he received the conveyance, and it was not in the power of the grantor to release him from it; that the liability, when once created, was irrevocable. The case of *Beers* agt. *Beers* (24 *N. Y.*, 178), was decided upon the principle settled in *Lawrence* agt. *Fox ;* and nothing was there said upon the subject here under examination. The same may, also, be said of *Ricard* agt. *Sanderson* (41 *N. Y.*, 179). We are now brought to the case of *Garnsey* agt. *Rogers* (47 *N. Y.*, 233), where this entire subject was elaborately discussed. It was there said by judge RAPALLO (although this point was not decided), and with the apparent concurrence of every member of the court, and as a notable proposition in the consideration of the case, that " *it must further be considered, that, when such an assumption* " (the same as in the case in hand) " *is made on an absolute conveyance of land* " (which in this case), " *it is unconditional and irrevocable. The grantor cannot retract his conveyance, or the grantee his promise or undertaking* " (*page* 242). The case of *Thorp* agt. *The Keokuk Coal Co.* (48

Douglass agt. Wells *et al.*

*N. Y.*, 253), simply recognized and applied the decisions in *Lawrence* agt. *Fox*, and in *Beers* agt. *Beers;* although judge EARL incidentally remarks that "when the third person *adopts* the act of the promisee in obtaining the promise for his benefit, he is brought into privity with the promissor, and he may enforce the promise as if it were made directly to him." The case of *Vrooman* agt. *Turner* (69 *N. Y.*, 280) was distinguished from *Lawrence* agt. *Fox*, and the denial of the right in that case to enforce the agreement by the mortgagee against the grantor was put upon the ground that the former had no legal interest in the performance of the agreement. Nor has *Comstock* agt. *Drohan* (71 *N. Y.*, 9) any direct bearing upon the question under examination. The reasoning of judge CHURCH in *Campbell* agt. *Smith* (71 *N. Y.*, 26) is, however, significant. The learned judge adopts, substantially, the remarks of judge RAPALLO above cited and quoted. He says "the former" (the grantor) "conveyed *absolutely* all her interest in the premises;" and the grantor, having accepted the conveyance, "occupied the position of purchaser. As between them the relation of grantor and grantee existed, with all the rights and obligations incident to the position. The covenant to pay the mortgage *was absolute*, and the mortgagee had the right to enforce it." We are also cited to *Pike* agt. *Sistre* (22 *N. Y. Sup. Ct.* [15 *Hun*], 402), *Calvo* agt. *Davies* (15 *id.* [8 *Hun*], 222), affirmed in the court of appeals, April 2, 1878, and *Thayer* agt. *Marsh* (11 *Hun*, 501), affirmed in court of appeals December 3, 1878; but these cases have no direct bearing on the question as to the effect of a release by the grantor to the grantee. The cases seem to settle down upon this, that where the conveyance is absolute to the grantee, his assumption therein of the payment of a mortgage debt, resting as a lien on the premises conveyed to him, creates against him an absolute obligation for its payment. The mortgagee is at once vested with a right to hold him upon his assumption of the debt. Now no principle is clearer or better

settled than this, that a release, to be effectual, must come
from the party vested with the right. But it is urged that
the right is not vested until there is an acceptance of the
obligation. But in such case an acceptance is a legal pre-
sumption in the absence of proof of actual dissent (*Lawrence*
agt. *Fox, per* GRAY, J., 20 *N. Y.*, 274; *Borly* agt. *Taylor*,
5 *Hill*, 584, 585). It seems to follow, giving due applica-
tion of the decisions to the case in hand, that the plaintiff,
so soon as Frank E. Wells accepted the deed of the mort-
gaged premises and assumed the payment of the mortgage
debt, had an absolute vested right to the enforcement of
such obligation. I am not unmindful of the decision in
*Crowell* agt *Hospital of St. Barnabas* (27 *N. J.*, 620),
adverse to this conclusion, but that decision is in hostility to
those of our own state above cited. It does not recognize the
principle settled in *Lawrence* agt *Fox*, *Beers* agt. *Beers* and
in the many cases following them, that the mortgagee may
enforce the agreement made between the grantor and the
grantee whereby the latter assumes the payment of the mort-
gage debt. It is there maintained that the contract is with
the grantor simply for his indemnity, not a contract with the
mortgagee for his security; that the latter is not in privity
with the grantee, either in respect to the contract or to the
estate granted. So it was there determined, contrary to the
rule in our own state, that the agreement, although operative
between the parties to it, does not make the mortgage debt a
personal debt of the grantee to the mortgagee. Under this
ruling it would follow, of course, that the grantor could
release and discharge the grantee from personal liability, and
that too, as well after as before suit for foreclosure was com-
menced, which result is expressly repudiated in *Whiting* agt.
*Gearty*, by the court of appeals. The decision in *Crowell* agt.
*Hospital of St. Barnabas* is not in consonance with those of
our own state since *Lawrence* agt. *Fox* and *Beers* agt. *Beers*
were considered and determined. It is somewhat perplexing
to determine precisely the ground on which the rule now estab-

Douglass agt. Wells *et al.*

lished in our own state is made to rest, whether on the ground that the assuming of the mortgage debt by the grantee creates a privity of contract between him and the mortgagee, or makes the latter privy to the consideration of the promise, or that the right of action in the mortgagee springs simply from the promise of the grantee made to the grantor for the mortgagee's benefit. Whatever may be the ground of the ruling, it is now firmly and definitely settled in the courts of this state that the promise of the grantee in a case like this under consideration, may be adopted and enforced by the mortgagee as a personal obligation of the former to the latter. In this case, according to the decisions, the liability of Frank E. Wells to the plaintiff was absolute on his acceptance of the deed from his grantor, George H. Wells, wherein he assumed the payment of the mortgage debt. The plaintiff then acquired a vested right to the enforcement of this liability. This right could not be taken from him without his assent. He, alone, might discharge it. So judge RAPALLO gave utterance to the law, when he said, as above quoted, that the obligation was "unconditional and irrevocable ; that the grantor could not retract his conveyance, nor the grantee his promise or undertaking." Of course, this ruling is limited to those cases (like this in hand), when the grant is absolute and the promise unconditional. It follows that the decision at special term was erroneous. Judgment on the demurrer granted at special term reversed, and judgment therein ordered for the plaintiff with costs.

BOARDMAN, *J.*— I concur in this opinion as a necessity from the authorities in this state.

LEARNED, P. J., dissented