# SUPREME COURT.

### Lucy N. Styles agt. Frederica R. Price, Charles Hickox and Helen B. Hickox.

*Mortgage — Deed — Estoppel — Acceptance of deed of certain premises with an assumption clause that the conveyance was subject to " all liens and incumbrances of record on said premises," estops the party from contesting the validity of mortgage upon the premises at that time upon record.*

The defendant, after having accepted a deed of certain premises with an assumption clause that the conveyance was subject to " all liens and incumbrances of record on the said premises," is estopped from contesting the validity of a mortgage upon the premises at that time upon record, and is liable for any deficiency that may arise upon the sale of the mortgaged premises upon foreclosure of said mortgage.

*Special Term, October*, 1882.

*Kelly & McCrea*, for plaintiff.

*Winslow & Van Cott*, for defendant.

Lawrence, *J.* — The only witnesses examined on the trial of this case were Charles R. Hickox, the defendant, and Henry P. Niebuhr, the brother of the defendant, Frederica R. Price. The conflict in the testimony of these witnesses as to the mortgage which is the subject of this action, is direct and positive, and I have been somewhat embarrassed in arriving at a conclusion as to the true state of facts.

After examining the testimony and the exhibits introduced in evidence by the respective parties, I have concluded that the weight of the evidence is in favor of the proposition that Mr. Hickox knew of the existence of the mortgage in question. This, I think, is apparent from the testimony of Niebuhr and the defendant Hickox, and from the memorandum (*Exhibit M*) made at the time of the payment of the original mortgage for $3,928.91, executed by the defendant Price to the plaintiff on the 21st of August, 1880.

The understanding between the plaintiff Styles and the

defendant Frederica R. Price (then Niebuhr) is apparent from the plaintiff's exhibit No. 3, bearing date September 21, 1880. Upon the payment or settlement of the mortgage for $3,928.91, it appears that the sum of $1,028.91 was paid to the husband of the plaintiff, who represented his wife in the transaction, and that the balance, with the exception of a few dollars, was paid, at the request of Styles, to Henry P. Niebuhr, who represented his sister, the defendant Frederica R. Price. It appears by the evidence that the moneys paid to Henry P. Niebuhr were expended in payment for work, labor and materials used and furnished in and upon the buildings in the course of erection upon the mortgaged premises.

Weighing all the probabilities of the case in the light of the evidence presented on the trial, I think it must be concluded that it was understood that Styles should assign the mortgage for $3,928.91, which was prior to all the mortgages then held by Hickox, except the mortgage referred to in the agreement of January 13, 1880, for $24,000, and take back a mortgage which should become a lien from the date of the settlement of the prior mortgage, or from the date of the execution of the second mortgage.

It is said, however, that the agreement of the 13th of January, 1880, between the defendant Frederica R. Price (then Niebuhr) and the defendant Charles R. Hickox, to the effect that the former should not put upon the property therein described any other mortgage than the one for $10,000 to the Emigrant Industrial Savings Bank, and the other for $24,000 to the said Charles R. Hickox, each of which was dated on said January 13, 1880, "until said two mortgages have been paid off and satisfied, and that when the same are paid and satisfied, that she will not mortgage the houses and lots fronting on One Hundred and Twenty-first street, or any or either of them, for more than $5,000," having been recorded in the office of the register, was notice to the plaintiff, and that therefore the mortgage in suit is null and void. I think that the answer to that position is this: That the mortgage for

$3,928.91 to the plaintiff was executed on the 21st of August, 1880, and recorded on the 4th of September, 1880, or long after the execution and recording of the agreement aforesaid. The validity of said mortgage was recognized by Hickox in the settlement which he made on the 21st of September, 1880; and, as I have concluded, as before stated, upon all the testimony in the case, that Hickox must have known that it was intended to secure Styles for that portion of the proceeds of the first mortgage which was handed over to Henry P. Niebuhr, as the agent of the defendant, Frederica R. Price, to pay for work, labor and materials, by a mortgage upon the premises, it would seem that Hickox had actual notice that a new mortgage was to be given. I think that the plaintiff is entitled to the usual judgment of foreclosure and sale.

If the views which I have already expressed are erroneous, there is another ground upon which I think that the plaintiff is entitled to the relief which she seeks in this action. When the defendant discovered that the mortgage in suit had been put upon record, if he intended to contest the validity of that mortgage, he should instead of accepting the deed tendered to him have insisted upon a deed exempting from the operation of the assumption clause contained in the deed, the mortgage executed by Frederica R. Price to the plaintiff. Having taken a deed "subject to all liens and incumbrances of record on the said premises, and subject to all bills for labor and materials upon the buildings thereon unpaid, which the party of the second part by the act of accepting this deed assumes and agrees to pay." I think that he is estopped from contesting the validity of said mortgage (*See Parkinson* agt. *Shennan*, 74 *N. Y.*, 88; *Freeman* agt. *Auld*, 44 *N. Y.*, 50; *Burr* agt. *Beers*, 24 *N. Y.*, 178; *Bigler* agt. *Morgan*, 77 *N. Y.*, 312). I think, too, that he is liable for any deficiency which may arise upon the sale of the mortgaged premises (*See Comstock* agt. *Drohan*, 71 *N. Y.*, 9; *S. C.*, 8 *Hun*, 373; *Whittemore* agt. *Farrington*, 76 *N. Y.*, 452; *Campbell* agt. *Smith*, 71 *N. Y.*, 26; *S. C.*, 8 *Hun*, 6).

On the whole case, I am unable to satisfy myself that any fraud was perpetrated upon the defendant in the execution of the mortgage in suit, or that, as the burden of proof rests upon the defendant, in attempting to avoid the natural and legal consequence of the assumption clause contained in the deed delivered to and accepted by him, he has succeeded in making out a case which renders it the duty of the court to give to that clause any other than its natural legal interpretation and effect.

Certain evidence was admitted by me upon the trial, subject to objection. I have determined to receive such evidence without qualification, and will give to the objecting party the appropriate exception.

Judgment accordingly. Findings may be settled on two days' notice.