MAY SAFFORD, Plaintiff, *v.* SOL LEVIN and Others, Defendants.
Defendants.

Supreme Court, Kings County, June 21, 1932.

*Davis, Polk, Wardell, Gardiner & Reed* [*Carroll H. Brewster* and *George M. Skinner* of counsel], for the plaintiff.

*J. W. Friedman* for the defendants.

LOCKWOOD, J.   On or about July 9, 1909, the defendants Charles E. Aaron and John R. Stine executed two bonds and mortgages, one in the sum of $3,000 and the other in the sum of $16,000.   By payments thereafter made the principal of the latter bond and mortgage has been reduced to the sum of $14,000.   By mesne conveyances the $3,000 mortgage is now owned by the plaintiff and the $16,000 mortgage is owned by the following parties in the following proportions, to wit: (a) $11,500 interest therein by the plaintiff, and (b) $2,500 interest by the defendants Leanora Tashman and Rene Levin; the latter being an infant.   By deeds dated April 26, 1920, Charles E. Aaron and Elizabeth Aaron, his wife, and John R. Stine, widower, duly conveyed the mortgaged premises to Sol Levin & Co., a copartnership composed of Sol Levin and Edward Levin.   The deeds were duly recorded, and in them the said grantees

took subject to the $3,000 mortgage and the $16,000 mortgage which they assumed and agreed to pay as part of the consideration in said deeds expressed. These actions were brought to foreclose the said mortgages for default in the payment of principal and interest and certain taxes and water rates as required by the provisions thereof. It is alleged that the defendants Leanora Tashman and Rene Levin have not replied to a request that they join as parties plaintiff, and that, therefore, they are made parties defendant. In the complaint a deficiency judgment is asked against the defendants Charles E. Aaron, John R. Stine, Sol Levin and Edward Levin. The defendants Sol Levin, Edward Levin, and their respective wives, and Sol Levin Fixture Corporation have interposed an answer in each action containing a separate and complete defense, in which it is alleged that on or about May 10, 1927, the said Sol Levin and Edward Levin and their respective wives duly executed and delivered to the defendant Isaac Levin a mortgage for $50,000, covering in part the premises here involved; that said mortgage, which was duly recorded, contained the following provision: " Subject to certain indentures of mortgage, one thereof for $16,000 and the other thereof for $3,000, each bearing interest at 6 per cent. per annum, which said mortgages and each thereof the parties of the second part [i. e., Isaac Levin] assume and agree to pay as part of the consideration thereof." That after the commencement of this action, and without the knowledge and consent of the defendants, this plaintiff agreed with said mortgagee Isaac Levin to release and discharge him from any and all liability in the premises, and that by reason thereof the defendants also are released and discharged from liability.

From evidence adduced upon the trial it appears that said agreement to so release and discharge Isaac Levin from liability was carried out by orders duly entered herein with plaintiff's consent, which orders also effected the necessary changes in the complaint. Defendants' claim, in substance, is to the effect that by the assumption clause in the $50,000 mortgage, Isaac Levin became primarily liable and the defendant mortgagors Sol and Edward Levin became secondarily liable, and, therefore, that the release aforesaid of Isaac Levin, the principal debtor, also was effective to and did release Sol and Edward Levin, the sureties, and thereby necessarily discharged the mortgage. I am of the opinion that this contention is not supported by the authorities.

From an early date it has been the rule that where, in an absolute conveyance, the grantee assumes and agrees to pay a prior mortgage incumbrance for which the grantor is personally liable, the amount of which is deducted from the purchase price and retained by the

grantee, the latter by virtue of such assumption and agreement thereby becomes the principal debtor and the grantor becomes the surety. By the retention of such portion of the purchase price the debt is deemed to be a debt due upon the land and, consequently, the debt of the grantee himself, since he now owns the land. And by reason of the grantee's agreement to pay such prior debt to the grantor's creditor, the grantor is deemed to be a surety and the agreement is regarded as in the nature of an indemnity or security to the surety, which becomes available to the prior mortgagee or incumbrancer under the doctrine of equitable subrogation. (*Halsey* v. *Reed,* 9 Paige, 446, 451; *King* v. *Whitely,* 10 id. 465, 468.)

This equitable rule, however, in my opinion, is not to be extended to a similar assumption clause or agreement contained in a second mortgage executed by the owner and prior mortgagor. In such case the amount due upon the first mortgage is not a debt upon the land in the hands of the second mortgagee, for the latter is not the owner of the land and has acquired no title thereto. It is not the debt of the second mortgagee, but remains the debt of the owner and prior mortgagor. It follows that the assumption agreement in the second mortgage is not a security in the hands of the mortgagor as surety, for he has not become a surety, but has remained the principal debtor. Therefore, the assumption agreement is deemed to be merely a promise to advance money to pay the debt of the mortgagor upon the security of the second mortgage. The present situation, it seems to me, is governed by the rule above stated. By the assumption clause in the deeds of April 26, 1920, Sol and Edward Levin became primarily liable and their grantors became secondarily liable for the payment of the $3,000 and the $14,000 remaining unpaid on the prior outstanding mortgages. Sol and Edward Levin became the principal debtors and their grantors were sureties. The status of the parties in this respect was not changed by the assumption clause in the $50,000 mortgage executed in 1927 to said Isaac Levin. The debt evidenced by the prior outstanding mortgages was a debt due upon the land in the hands of Sol and Edward Levin, for they had not parted with the title thereto. They continued to be the principal debtors. The engagement by Isaac Levin in the assumption clause to pay the amount due upon this prior mortgage was not an agreement to pay his own debt due upon the land, for he did not own the land. It was merely an agreement to advance the amount thereof upon the security of the second mortgage. (*Garnsey* v. *Rogers,* 47 N. Y. 233; *Cole* v. *Cole,* 110 id. 630, 632; *Pardee* v. *Treat,* 82 id. 385, 388, 389; *Root* v. *Wright,* 84 id. 72, 74; 1 Wiltsie Mort. Forec. [4th ed.] § 257; 1 Williston Cont. § 387.)

No change in the legal relation of the parties was effected even

if it be assumed that the amount of the prior mortgage indebtedness of $3,000 and $14,000 was deducted from the $50,000 and retained by Isaac Levin. Even then the amount so retained remained his money, and his agreement to pay it to the nominee of Sol and Edward Levin instead of to them personally did not change the nature of the transaction nor the rights and obligations arising therefrom. Under the authorities above cited, Sol and Edward Levin remained the principal debtors, primarily liable for the payment of the outstanding prior mortgage indebtedness. And since they were principal debtors and not sureties, the assumption agreement of Isaac Levin inured solely to their benefit and was not available to the plaintiff under the doctrine of equitable subrogation. (1 Wiltsie Mort. Forec., *supra*, § 257; *Pardee* v. *Treat, supra,* 385, 388; *Garnsey* v. *Rogers, supra*.) Therefore, plaintiff's action in assuming to release Isaac Levin from liability, whatever may be the result, certainly worked no legal injury to Sol and Edward Levin, who remain the principal debtors. It may be urged that in an action at law against Isaac Levin, plaintiff might enforce the assumption agreement under the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268) as a promise made for her benefit. (*Burr* v. *Beers*, 24 N. Y. 178; *Seaver* v. *Ransom*, 224 id. 233.) But under the doctrine of *Lawrence* v. *Fox* the party for whose benefit the promise is made is not bound to enforce it. He may rely on his original remedy against the one primarily liable. (13 C. J. § 815, p. 707; 1 Williston Cont. § 393.) He may sue either the promisor or the promisee, or both, but he is not bound to elect to hold either alone. (*Zeiser* v. *Cohen*, 144 App. Div. 825; affd., 207 N. Y. 407.)

From the principles above stated, I am of the opinion that plaintiff's release of an additional remedy at law against Isaac Levin violated none of the rights, legal or equitable, possessed by Sol and Edward Levin. They always were and now are liable to plaintiff as principal debtors, not as sureties.

Judgment for plaintiff. Settle findings and judgment on notice.