MINNIE BRENNER and KATHERINE ZINK, Plaintiffs, *v.* EBBETS-MCKEEVER EXHIBITION COMPANY, INC., Defendant.

Supreme Court, Special Term, Kings County, November 28, 1938.

*Milton W. Sametz,* for the plaintiffs.

*Gray & Tomlin,* for the defendant.

STEINBRINK, J. Plaintiffs move to strike out the affirmative defense of the defendant Ebbets-McKeever Exhibition Company, Inc., as insufficient in law and for summary judgment.

The action is to foreclose a mortgage on real property. From the defense which is sought to be stricken out the following appears: On July 9, 1923, one David R. Daly conveyed a portion of the property in suit to Walter and Allen E. Brenner by a deed containing the following clause: " Subject to a mortgage to secure the sum of $6,000 and interest, covering the premises hereby conveyed with other property adjoining same in the rear, made by Josephine Kennington and George Kennington, her husband, to the Dime Savings Bank of Brooklyn, and recorded in the Office of the Register of the County of Kings in Liber 591 of Mortgages, page 451, which said mortgage the parties of the second part hereby assume and agree to pay, and the amount thereof constitutes part of the consideration of this conveyance and is deducted therefrom." Thereafter Daly conveyed the remainder of the property to the defendant herein subject to the $6,000 mortgage. The Brenners subsequently conveyed a portion of their property to Pasquale Vota and Antoinette Vota subject to the $6,000 mortgage and the remainder thereof to the Brenbro Realty Corporation, which they, the Brenners, organized. The latter conveyance was " subject to all covenants, liens and encumbrances of record." It is alleged that the Brenners agreed that the property conveyed to them by Daly was to be primarily liable for the mortgage and that the remainder thereof which Daly subsequently conveyed to the defendant was to be only secondarily liable; that the Brenners conveyed their interest in the mortgaged premises without making provision for payment of the $6,000 mortgage in accordance with the terms of the above-quoted assumption clause, and that, by reason thereof, the property conveyed to the defendant has been discharged from said mortgage. The affidavit submitted by the defendant in opposition to the motion adds nothing to the defense pleaded except the statement, upon information and belief, that the mortgage being foreclosed was purchased by the plaintiffs herein, the widow of Allen Brenner and a nominee of Walter Brenner, out of the proceeds obtained from the sale of a portion of the property, which proceeds should have been originally applied to the payment of the mortgage.

The defendant relies upon the rule of equity that where a purchaser of part of the mortgaged premises assumes to pay the mortgage as part of the purchase money, the part of the premises so purchased becomes in equity the primary fund for the payment of the mortgage. (*Russell* v. *Pistor,* 7 N. Y. 171.) The rule may be invoked only in a case where the grantor had assumed payment of

the mortgage, for the rule is based upon the theory that the grantee by assuming an obligation which rests upon his grantor indemnifies the latter against liability for the mortgage debt. (*Halsey* v. *Reed*, 9 Paige, 446, 451; *King* v. *Whitely*, 10 id. 465, 468; *Safford* v. *Levin*, 149 Misc. 384, 387.) As between themselves, the grantor becomes a surety and the grantee a principal debtor. But since in this case the grantor Daly had not assumed payment of the mortgage, no agreement of indemnification may be implied from the assumption clause in the grantee's deed. (*Vrooman* v. *Turner*, 69 N. Y. 280.)

Nor may the defendant take advantage of the assumption clause as beneficiary of a third-party contract. The right of a beneficiary to enforce a contract made expressly for his benefit is confined to those situations outlined in *Seaver* v. *Ransom* (224 N. Y. 233, 237, 238): (1) Where there is an obligation running from the promisee to the beneficiary; (2) where the beneficiary is closely related to the promisee, such as a husband or father making provision for the future of a wife or a child; (3) public contract cases. The defendant does not come within any of these classifications. Furthermore, it is not shown that the clause of assumption was intended for the defendant's benefit. The only evidence before the court is the deed containing the clause. It is common knowledge that such clauses are contained generally in deed forms, and whether in any given case their inclusion was by design or through inadvertence must be determined upon the basis of competent explanatory proof. Where the grantor was not himself liable on the mortgage he had no interest in the performance of the promise. To the extent that he retains a portion of the mortgaged property, it may be that he is interested in having the mortgage paid off and his equity preserved. But that interest continues only so long as he retains the reserved portion of the property. The opposing affidavits are barren of any competent proof supporting the belief that the clause was intended to confer a benefit on Daly's subsequent grantee.

The motion is, consequently, in all respects granted.