## LANE, *qui tam*, *vs.* SHEARS.

THIS is an action of debt under the eighth section of the act to prevent and punish champerty and maintenance, tried at the Monroe circuit, in March, 1827, before the Hon. JOHN BIRDSALL, one of the circuit judges.

In the declaration, the defendant is charged with pretending title to certain premises, describing them ; and that he, on the 8th April, 1825, contrary to the statute, by a certain indenture of bargain and sale, conveyed the same to one Benjamin Shelden. Then follows an averment, that neither the defendant nor his ancestors, nor those through whom he claimed the premises, had been in possession of the same, &c. &c. for the space of one whole year, next before the making of the said indenture, whereby he forfeited and became liable to pay the whole value of the premises, which was averred to be $1200.

The deed from the defendant to Shelden was proved. It appeared that in 1818, Lane purchased a small lot of land of one Charles Day, and went into the immediate possession thereof, and erected valuable buildings thereon ; at the same time, he erected a blacksmith shop on a piece of land adjoining the lot he purchased of Day. He paid Day for the land he bought of him, within one year after the purchase, and continued in the possession of the whole of the premises until 1823, when he let the premises purchased of Day, to one Sackett, who under-let part thereof to G. and I. Stone, and they together occupied the same as the tenants of Lane, until October, 1825 ; Lane, himself, continuing in the possession of the small lot on which the blacksmith shop was erected, until after April, 1825. In March, 1822, Lane borrowed of Shears $200, and procured a deed to be executed to him by Day of the lot he had purchased of him, in which deed he united as a grantor. Shears, at the same

A conveyance of property absolute in terms, if intended by the parties to be a security for debt, is a mortgage ; and such intentions may be manifested either by a written defeasance executed simultaneously with the deed, or by the acts or parol declarations of the parties. After the payment of a debt thus secured, if not before, the possession of the grantor of the deed will be deemed so far adverse, as to subject the grantee to the penalties of the act to prevent and punish champerty and maintenance, if he sells a pretended title to the property thus conveyed. After a conveyance by a person having a naked legal estate to *cestui que use*, any conveyance to a stranger subsequently made, is within the spirit and policy of the act, though conusant of the

such conveyance is made within the year. A person selling, is presumed conusant of the situation of the land as to adverse possessions.

time, executed a bond to Lane, in the penal sum of $800, conditioned, that upon the payment by Lane to him of $200, with the interest, in one year, he would convey to Lane by warranty deed, the same premises described in the deed from Day and Lane to him. It was proved by Timothy Barnard, jun. who was the scrivener, and wrote the deed and bond, that he was told when called upon by one of the parties, that Shears was to loan Lane $200; that a deed was to be executed to Shears of the lot purchased of Day, and that Shears was to give a bond to Lane to re-convey the premises to him, on the payment of the sum borrowed; that Day and Lane were to join in executing the deed, as Lane had not yet received a deed from Day, and that the papers were drawn accordingly. (This testimony was objected to by the defendant, but the objection was overruled.) The bond executed by Lane to Shears was produced, with a receipt thereon by Shears, dated 20th October, 1823, in full of the monies therein mentioned. A deed from Shears to Lane of the lot conveyed by Day and Lane to Shears, was also produced, bearing date 29th March, 1825. The deed from Shears to Shelden, which is the unlawful act complained of, bears date 8th April, 1825, and conveys the same premises described in the deeds from Day and Lane to Shears, and from Shears to Lane, and in addition thereto conveys the small piece on which Lane erected the blacksmith shop.

The plaintiff having rested, the counsel for the defendant moved that the plaintiff be nonsuited; which motion was granted by the presiding judge, on the grounds that the proof did not shew a sufficient legal adverse possession in Lane, of any part of the premises, at the time of the giving of the deed from Shears to Shelden, to render the act unlawful; and that Shears having had the legal title of that part of the premises conveyed to him by Day and Lane, until a few days previous to the deed to Shelden, he was to be deemed to have been in possession for one whole year next preceding the date of the last mentioned deed.

*G. C. Bronson*, for the plaintiff, now moved to set aside the nonsuit and for a new trial. The defendant never had

title to the premises conveyed by him to Shelden ; the bond executed by him at the same time that he received the deed from Day and Lane, rendered that conveyance a mortgage. (4 *Johns. R.* 81.) A conveyance absolute in its terms, if intended as a security for the payment of money, is a mortgage. (2 *Cowen*, 224.) Until foreclosure, the freehold remains in a mortgagor. (11 *Johns. R.* 534.) Whatever title the defendant had in the premises, was extinguished by the payment of the money. (15 *Johns. R.* 205.) If the legal estate was in the defendant until his conveyance to the plaintiff, he held as a trustee only, for the plaintiff, and that estate was determined by his conveyance to the plaintiff. From that moment, the possession of the plaintiff was adverse to the defendant. If the possession should be considered as having been constructively in the defendant until his conveyance to the plaintiff, he is not entitled to the benefit of the saving clause in the statute, which was intended for the protection of owners of land presumed ignorant of an adverse possession, from the fact of having, within one year, been in possession by the reception of rents and profits, or otherwise. Here, the defendant knew there was an adverse possession, having but a few days before conveyed the property to the plaintiff. At all events, the plaintiff was entitled to recover for the unlawful sale of the small lot on which the blacksmith shop had been erected. To this, the defendant never had the pretence of title ; and though the plaintiff did not shew a paper title to the premises, he was in possession for nine years before the trial, which is evidence of right against all the world, until a better title is shewn.

*J. Dickson*, for the defendant. The evidence of Barnard ought not to have been received, as its object was to render a conveyance, absolute in its terms, a conditional conveyance ; but when admitted, it had not the effect intended. The plaintiff never had a conveyance of the property until he received a deed from the defendant, who, from 1822, had the legal estate, which remained in him until March, 1825. On the payment of the money in October, 1823, the parties did not stand to each other in the relation of mortgagor and

mortgagee, with the mortgage satisfied. The title to the property was still in the defendant. He held, it is admitted, as the trustee of the plaintiff; but the payment of the money did not extinguish his title, as it would have done, had he held only as mortgagee. He therefore held the legal estate, and was constructively in possession, within a year antecedent to the making of the deed complained of. The possession of the plaintiff and of the tenants on the land was not adverse to, but in subserviency to his title; and having thus been in possession within the year, his conveyance of the land to Shelden did not bring him within the operation of the statute. (1 *Plowd.* 87, 8, 9. *C. Litt.* 369, *a. b.* 11 *Mod.* 27. *Ld. Raym.* 845.) The statute is highly penal, and will not be extended by construction. The court therefore will not, by controverting the equitable estate of the plaintiff into a legal estate, subject the defendant to its penalties. Unless the defendant is brought within the very terms of the statute, he will not be adjudged guilty. (1 *Plowden R.* 86. 13 *Johns. R.* 293.) If the plaintiff's equitable estate be not converted into a legal estate by construction, the defendant is within the very letter of the saving clause of the statute. That part of the premises on which the blacksmith's shop was erected was conveyed by mistake. It was an unintentional violation of the statute; and on that ground, the defendant is excusable. (1 *Johns. R.* 357, 8. 13 *Johns. R.* 466.) There was no evidence that the defendant knew that the premises were held adversely.

*By the Court,* Sutherland, J. The plaintiff was nonsuited at the trial, on the ground that the evidence did not shew that the premises covered by the conveyance to Shelden were held adversely at the time of giving the deed. In this direction I think the learned judge erred.

The defendant, Shears, never had any other interest than that of a mortgagee in the premises in question; and that interest was terminated or extinguished on the 20th of October, 1823, by the repayment of the principal and interest of the money loaned by him to Lane. (5 *Cowen,* 671. 18 *Johns. R.* 7. 1 *Cowen,* 126.) The authorities upon this

point are clear and explicit. A conveyance of property absolute in terms, if intended by the parties to be a security for debt, is a mortgage; and such intentions may be manifested, either by a written defeasance, executed simultaneously with the deed, or by the acts or parol declarations of the parties. (*Clark* v. *Henry*, 2 Cowen, 324. *Dunham* v. *Dey*, 2 *Johns. Ch. R.* 189. 15 *Johns. R.* 555. *Peterson* v. *Clark*, 15 *Johns. R.* 205. 4 *Johns. Ch.* 167. 6 *Johns. Ch.* 417. 1 *Johns. Ch.* 594. 7 *Johns. Ch.* 40.)

If Shears had only the interest of a mortgagee in these premises, then no conveyance from him to Lane was necessary to restore to Lane the entire title. A mortgagee has but a chattel interest, the freehold remains in the mortgagor. (*Wilson* v. *Troup*, 2 *Cowen*, 195. 6 *Johns. R.* 290. 11 *Johns. R.* 534. 15 *Johns. R.* 319.) Payment of the debt is an extinguishment of the mortgage. (4 *Johns. R.* 41.) It is not pretended that Shears ever had the actual possession of the premises. The tenant in possession entered and held under contract with Lane, and the defendant's interest being only that of a mortgagee out of possession, the possession of the tenant was not, in judgment of law, his possession, but the possession of the mortgagor. After the payment of the debt and the consequent extinguishment of the mortgage, at all events, if not before, the possession was adverse as against Shears. He had no legal or equitable interest in the premises, and this was more than a year previous to the conveyance to Shelden. But even if the naked legal title remained in him after the payment of the debt, the conveyance to Lane of the 29th March, certainly terminated it; and any conveyance subsequent to that, must be within the spirit and policy of the act.

The defendant is to be presumed to have known the situation of the premises, and that they were occupied by the tenant of Lane. A person who sells and conveys land without the knowledge that there is a subsisting adverse possession, is not liable to the penalty given by the 8th section of the act for selling a pretended title; but the seller of land is, in the first instance, to be presumed conusant of the sit-

uation of it. (*Teel* v. *Fonda,* 7 *Johns. R.* 251. *Hassenfrats* v. *Kelly,* 13 *Johns. R.* 466.   8 *Johns. R.* 227.   2 *Caines,* 183. 2 *Johns. C.* 59.)   If there had been any doubt as to the knowledge of the defendant of the adverse possession, it should have been left to the jury.

Nonsuit set aside and new trial granted.