Tkeat, Justice, delivered the opinion of the court: On the 14th day of February, 1840, Mark W. Delahay, by deed of warranty, for the consideration expresed of $22,200, conveyed to Murray McConnel certain real estate. On the same day, MeCon-nel executed to Delahay a bond in the penalty of $20,000, referring to the conveyance, and stating that, though absolute in its terms, it was only intended as a mortgage to secure the payment of certain demands in favor of McConnel & Van Syckle, McConnel & McDougall, and McConnel individually, and conditioned, that if Delahay should within two years pay off and discharge such demands, then McConnel would reconvey the real estate described in the bill. On the 22nd of September. 1841, McConnel, Yan Syckle, and McDougall filed their bill in chancery in the Scott circuit court, against Delahay, setting out the conveyance and bond, and alleging that all of the demands mentioned in the bond were due and unpaid; and praying for a sale of the real estate mentioned in the conveyance, and the application of the proceeds to the payment of the demands. Process was served on Delahay, on the 28d of September, 1841. At the October term, 1841, the bill was taken fro confesso, for want of an answer, and a decree entered requiring Delahay, within forty days, to pay to the complainants the sum of $2216.86 and interest, and in default thereof that the equity of redemption of Delahay be foreclosed, and that the real estate be sold [* 158] to the highest bidder for cash, by a commissioner named in the decree, who should convey the same by deed to the purchaser. At the March term, 1842, the commissioner reported that he had sold the real estate to McConnel for the sum of $545, and had made him a conveyance therefor, which report the court approved. Delahay prosecutes a wr.it of error, and assigns for error: First. The court erred in rendering a final decree at the appearance term. Second. The decree is erroneous in foreclosing the equity of redemption, on an event in f ais to happen in vacation; Third. The decree is erroneous in not requiring the real estate to be appraised, and sold under the provisions of the valuation laws; Fourth. The court erred in confirming the report of the commissioner. The first and second errors cannot be sustained, as has already been decided by this court, in the case of Cfrubb v. Crane, ante 153. The third and fourth errors depend on the question, whether the conveyance from Delahay to McConnel was or not a mortgage. A conveyance in real estate, though absolute in terms, if intended by the parties to be a security for the payment of a debt, is, both at law and in equity, regarded as a mortgage only; and the intention of the parties may be manifested either by a written defeasance executed simultaneously with the conveyance, or by the acts or parol declarations of the parties. Peterson v. Clark, 15 Johns 205; Dunham v. Day, Ibid. 555; Clark v. Henry, 2 Gowen 324; Lane v. Shear, 1 Wend. 433; Brown v. Dean, 3 Wend. 208. The conveyance in question, tested by this rule, was only a mortgage. The bond of defeasance from McConnel to Delahay, bearing the same date as the conveyance, expressly stipulates that the deed, though absolute on its face, is only intended by the parties as a mortgage, to secure the payment of certain debts. The subsequent act of McConnel, in filing the bill to foreclose the equity of redemption of Delahay, shows fully that he only regarded the conveyance as a mortgage. The conveyance then being but a mortgage, and bearing date prior to the passage of the “act regulating the sale of property,” approved February 27th, 1841, (Laws of 1840-1, 172,) came within the provisions of that act. Under its provisions, the mortgaged premises should have been appraised and sold for not less than two-thirds of their appraised value. By the provisions of the act of the 19th of February, 1841, “to amend an act concerning judgments and executions,” (Laws of 1840-1, 108, § 8,) Delahay was entitled to redeem the mortgaged premises, at any time within twelve months from the day of sale. The defendants in error, however, contend that [* 159] these acts of the legislature are null and void, and can have no application to the present case. This question has been fully settled by this court, in the case of Williams v. Waldo et al. 3 Scam. 265, in favor of the validity and binding operation of these statutes. The final decree rendered by the circuit court was correct. These acts of the legislature have not changed the form of the decree, but only the mode of carrying it into effect. In executing it, it was the duty of the commissioner to have had the property appraised, and sold subject to the provisions of the valuation laws. Delahay having the right to redeem, the purchaser was not entitled to a conveyance, until the time limited for redemption had expired. The report of the commissioner failing to show that he had complied with the requisitions of these acts, in executing the decree, the court erred in confirming it. The decree approving the report of the commissioner is r»versed, and the cause remanded, with instructions to the circuit court to order a re-sale of the mortgaged premises, -the same to be made in conformity with this opinion ; Delahay to recover the costs of this writ of error. Decree reversed. At the December term, 1843, the defendants in error applied for a re-hearing in this cause, which was refused, because the application was not made at the term in which the judgment was pronounced. The following point was decided in the supreme court of the United States, under the statute mentioned in the foregoing opinion: A state law, passed subsequently to the execution of a mortgage, which declares that the equitable estate of the mortgagor shall not be extinguished for twelve months after a sale under a decree in chancery, and which prevents any sale unless two-thirds of the amount at which the property has been valued by appraisers shall be bid therefor, is within the clause of the tenth section of the first article of the constitution of the United States, which prohibits a state from passing a law impairing the obligation of contracts. Bronson v. Kinzie et al. 1 Howard 311; McCrackan v. Hayward, 2 Howard.