MYRON F. PARDEE, Respondent, *v.* SYLVESTER W. TREAT et al., Appellants.

A clause in a deed by which the grantee assumes and agrees to pay liens upon the premises can only be enforced by a lienor, when in equity the debt of the grantor secured by the lien becomes, by the agreement between them, the debt of the grantee. If in equity as well as law the grantor remains the principal debtor, the assumption clause is a contract between the parties to the deed alone, and the liability of the grantee for a breach of his obligation is to the grantor alone.

The fact that a deed vests the legal title to the land in the grantee is not decisive on the question as to whether the conveyance was an equitable mortgage. In equity it may be a mortgage, although the defeasance be to some other than the grantor.

Where, therefore, a deed, absolute on its face, was executed by one G. to defendants, containing a covenant upon the part of the latter to pay certain liens, but which deed was intended simply as security for a debt of G. to defendants, and where in accordance with the agreement of the parties, and as part of the same transaction, defendants executed a contract agreeing to convey to Mrs. G., on the payment by her of the amount of the liens and defendants' debt, which amount she agreed to pay at a time specified. *Held,* that an action by a lienor to recover of defendants the amount of his lien was not maintainable.

This court is not inclined to extend the rule in *Lawrence* v. *Fox* (20 N. Y. 268).

The cases where the rule is considered collated and discussed.

*Pardee* v. *Treat* (18 Hun, 298), reversed.

(Argued September 28, 1880; decided November 9, 1880.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial without a jury. (Reported below 18 Hun, 298.)

This action was brought to recover of defendants the amount of a judgment held by plaintiff against one John B. Gaylord. Defendants were sought to be made liable because of a clause in a deed from said Gaylord and wife to defendants of certain premises upon which the judgment was a lien, by which the conveyance was made subject to the liens thereon, which the grantees assumed and agreed to pay.

The circumstances attending the execution and delivery of the deed are set forth in the opinion.

*Samuel Hand* for appellants. The deed and defeasance in this case were executed to secure the defendants' debt and what other advances they might make. The two, taken together, were clearly a mortgage from Gaylord to the defendants. (*Horn* v. *Keteltas,* 46 N. Y. 606, 611; *Bennett* v. *Austin,* Ct. Apps. 1880; *Murray* v. *Walker,* 31 N. Y. 401; *Carr* v. *Carr,* 52 id. 260; *Odell* v. *Montross,* 68 id. 499; *Matthews* v. *Sheehan,* 69 id. 585; *Dey* v. *Dunham,* 2 Johns. Ch. 189; *Clark* v. *Henry,* 2 Cow. 324; *Peterson* v. *Clark,* 15 Johns. 205; *Cooper* v. *Whitney,* 3 Hill, 99; 7 Wend. 248; *Saxton* v. *Hitchcock,* 47 Barb. 220; *Murray* v. *Walker, supra; Brown* v. *Dewy,* 2 Barb. 31; *Robinson* v. *Cropsy,* 6 Paige, 280; *Elliott* v. *Ward,* 53 Barb. 285, 302.) The papers constituting a mortgage to the defendants, the clause in the deed as to incumbrances can give the plaintiff no right of action against the defendants. (*Garnsey* v. *Rogers,* 47 N. Y. 233; *Shiras* v. *Craig,* 7 Cranch, 34; *Miller* v. *Lockwood,* 32 N. Y. 293, 299; *Robinson* v. *Williams,* 22 id. 380.) The deed was never delivered to the defendants, and was never accepted by them. (*Jackson* v. *Phipps,* 12 Johns. 418; *Elsey* v. *Metcalf,* 1 Denio, 323; *Rathbun* v. *Rathbun,* 6 Barb. 98; *Carnes* v. *Platt,* 6 Robt. 270.) All conversations between the parties to this instrument, upon the subject thereof, were admissible as evidence tending to show whether it was intended to be a mortgage. (*Horn* v. *Keteltas,* 46 N. Y. 605.)

*Edwin Allen* for respondent. There was a valid delivery of the deed. (*Worrall* v. *Munn,* 1 Seld. 229; *Ward* v. *Lewis,* 4 Pick. 520; 2 Greenl. Evidence, § 297; 15 W. R. 545; 20 Johns. 184; 5 W. R. 532; 26 N. Y. 483; 71 id. 591.) The execution of the contract to and by Mrs. Gaylord is a strong circumstance to show that the transaction was and should be regarded as a sale and not a mortgage. (*Horn* v. *Keteltas,* 46 N. Y. 605; *Conroy* v. *Alexander,* 7 Cranch, 218, 227; 14

Pick. 407; 2 Washburn on Real Estate, 62–64; *Fullerton* v. *McCurd*, 55 N. Y. 637; *Brown* v. *Dewey*, 2 Barb. 37; *Holmes* v. *Grant*, 8 Paige, 243; *Glover* v. *Payne*, 19 W. R. 518; *Robinson* v. *Cropsey*, 6 Paige, 480.) The defendants are liable under the clause in the deed in question to the plaintiff for the amount of his judgment which was a lien upon the property at the time of the execution of the deed. (*Burr* v. *Beers*, 24 N. Y. 178; *Lawrence* v. *Fox*, 20 id. 258; *Belmont* v. *Cornan*, 22 id. 438; *Ricard* v. *Sanderson*, 40 id. 179; *Thayer* v. *Marsh*, 75 id. 340.) The defendants are liable under the clause in the deed though it should be held in equity to be a mortgage. (*Ricard* v. *Sanderson*, 41 N. Y. 179; 47 id. 243; *Lawrence* v. *Fox*, 20 id. 268; 48 id. 253–256; *Barlow* v. *Meyers*, 64 id. 41; *Guernsey* v. *Rogers*, 47 id. 234–242; *Mallory* v. *Gillett*, 21 id. 412.)

ANDREWS, J. This case turns upon the question whether the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268) is applicable to the covenant of the defendants, in the deed from Gaylord and wife, "to assume and pay as a part of the consideration," the liens upon the premises conveyed. If the deed was an absolute conveyance of the land and the relation between Gaylord and the defendants, created by the conveyance, was that of vendor and purchaser simply, the case of *Burr* v. *Beers* (24 N. Y. 178) is decisive of the right of the plaintiff, as assignee of a judgment against Gaylord, to maintain this action. The judgment was a lien on the premises at the time of the conveyance, and that case decides that an incumbrancer so situated may sue directly upon the promise contained in the deed as having been made for his benefit.

Independently of *Lawrence* v. *Fox*, the covenant of a grantee in an absolute deed, who, as part of the consideration, assumes and agrees to pay incumbrances on the land for the payment of which the grantor is personally bound, may be enforced by the creditor in an equitable action upon the doctrine of equitable subrogation. (*Halsey* v. *Reed*, 9 Paige, 446; *King* v. *Whitely*, 10 Paige, 465; *Garnsey* v. *Rogers*, 47 N. Y. 233.)

But it is not in every case that a covenant to pay incumbrances contained in a deed of land is available to, or can be enforced by the creditor, in either an equitable or legal action. In *King* v. *Whiteley*, it was held that such a covenant could not be enforced in equity by a mortgagee, when the grantor in the conveyance in which the covenant was contained was not personally liable to pay the mortgage debt. This doctrine was reaffirmed in *Trotter* v. *Hughes* (12 N. Y. 74), and again in the very recent case of *Vrooman* v. *Turner* (69 id. 283), and the court, in the latter case, rejected the view insisted upon by counsel that the covenant could be enforced by the mortgagee upon the principle of *Lawrence* v. *Fox*, although in that case he was the only person who could have been benefited by the covenant. *Garnsey* v. *Rogers* established another exception. In that case the covenant was contained in a deed from Hermance to the defendant, Rogers, absolute in form, but which was in equity a mortgage, the deed having been given to secure a debt owing by the grantor to Rogers, upon a parol defeasance, that upon payment of the debt Rogers should reconvey the premises. The plaintiff was the owner of mortgages which were liens on the premises when the conveyance to Rogers was made. The question decided in *King* v. *Whiteley* did not arise. The grantor of Rogers was himself liable to pay the mortgage, and if Rogers had stood in the position of an absolute purchaser of the land his liability to the plaintiff, either in an equitable or legal action, could not, upon the authorities, have been questioned. But the court held that the deed being in equity, a mortgage, the covenant by Rogers to pay the incumbrances was, in legal effect, a covenant to make advances for the benefit of his grantor upon the security of the land. The promise was not, therefore, a promise made for the benefit of the plaintiff, although he might be benefited by its performance. It was not a case for equitable subrogation, because the mortgage debts remained the debts of the grantor who continued, in equity at least, the owner of the land. The refusal to enforce the covenant, did not proceed upon the ground of want of consideration. There can be little doubt that the

conveyance was a good consideration for the undertaking of Rogers to pay the mortgages. But the court, looking at the real purpose, pronounced the transaction a mortgage, and construed the covenant as one for advances merely for the benefit of the mortgagor.

We think the true result of the decisions upon the effect of an assumption clause in a deed is, that it can only be enforced by a lienor, where in equity the debt of the grantor secured by the lien becomes, by the agreement between him and his grantee, who assumes the payment, the debt of the latter. On the other hand, if the assumption is in aid of the grantor, upon the security of the land, and not as between them, a substitution of the liability of the grantee for that of the grantor, or in other words, if, in equity as at law, the grantor remains the principal debtor, then the assumption clause is a contract between the parties to the deed alone, and the liability of the grantee, for any breach of his obligation, is to the grantor only. Where the grantee is in equity bound to pay the debt as his own, then the covenant, according to the case of *Burr* v. *Beers*, may be treated as a promise made for the benefit of the lienor, and may be enforced in a legal action, although, even in that case, it would seem that the primary object of the covenant is to protect the grantor against his personal liability for the debt secured upon the land.

We come, then, to consider the question whether upon the evidence the deed from Gaylord and wife to the defendants, created between them the relation of vendor and purchaser, so as to give the plaintiff a right of action. We concur in the opinion of the court below that the deed was intended as a security to the defendants, for their debt against Gaylord and for any advances which they should make under the covenant to pay the existing liens, and that it was not the intention of either party that the defendants should become the purchasers of the premises. The situation of the parties and the circumstances do not, we think, admit of a different conclusion. The lands embraced in the conveyance were incumbered by mortgages and other liens to the amount

of about $47,000, and a second mortgage for $20,000 was being foreclosed. The defendants held Gaylord's indorsements for $5,000, upon which a suit was pending, in which Gaylord had interposed the defense of usury. Gaylord regarded the lands as of the value of $80,000. In this condition of his affairs, Gaylord, by his attorney, applied to the defendants, who were bankers, to advance the money to take up the mortgage then being foreclosed, so as to save the property from sale, and as an inducement to the defendants to aid in protecting his property from the perils which threatened it, he offered to withdraw the defense of usury and allow them to take judgment in their action against him. Some negotiation followed. The liens, together with the plaintiff's debt, amounted to $54,689. It was proposed by Gaylord, or his attorney, that the defendants should take a deed of the property, expressing the consideration of $54,689, and at the time executed a contract to convey the premises to Mrs. Gaylord, on the payment by her to the defendants of the sum mentioned as the consideration of the deed. The defendants proposed that Gaylord should give them a mortgage for their debt, upon their giving him a writing, binding themselves to carry the incumbrances. But he declined this proposition for the reason, as may be inferred, that he desired that the title to the property should ultimately be vested in his wife. The arrangement proposed by Gaylord was finally agreed upon. Gaylord and his wife deeded the land to the defendants, by deed, containing the assumption clause in question, and the defendants concurrently therewith entered into a contract to convey the premises to Mrs. Gaylord for the exact amount of the liens and indebtedness above stated; she, on her part, agreeing to pay that amount with interest, at a time specified, and Mrs. Gaylord meanwhile was to have possession of the premises. Afterward the answer in the suit against Gaylord was withdrawn, and in accordance with the understanding of the parties judgment was entered against him for the amount of the notes.

The clear inference from the evidence is, that the intent of the parties in making the deed and contract was to secure the

debt owing to the defendants, and the advances which they might make in discharging liens on the property, and to vest in Mrs. Gaylord the right of redemption or payment of the defendants' debt and advances. It was not a sale of the property to the defendants in the ordinary sense of a sale. There was no treaty for a purchase. The securing of Gaylord's debt to them was the only possible benefit which the defendants could derive from the transaction if Mrs. Gaylord performed her contract. The debt of Gaylord to the defendants was not intended to be paid by the conveyance, as the subsequent entry of judgment against Gaylord, pursuant to the arrangement made when the deed was given, shows. If the contract had provided for the reconveyance of the land to Gaylord, instead of to his wife, there would be no reasonable doubt that the transaction would in equity be deemed a mortgage (*Peterson* v. *Clark*, 15 Johns. 205; *Lane* v. *Shears*, 1 Wend. 433; *Despard* v. *Walbridge*, 15 N. Y. 374), and the case would then be in principle like *Garnsey* v. *Rogers*. But it is claimed that the legal title passed to the defendants by the deed. We think this must be conceded. It was necessary that the title should be vested in the defendants to enable them to convey to Mrs. Gaylord according to the terms of the contract. But the fact that a conveyance vests the legal title to the land in the grantee is not decisive on the question whether it is an equitable mortgage. At common law a mortgagee has the legal title to the land. A mortgage is a defeasible deed, and a provision for the reconveyance to the grantor, on performance of the condition, is usually contained in English conveyances by mortgage.

It is also claimed that to constitute a mortgage the defeasance must be in favor of the grantor himself, and not of any third person. It is laid down in Touchstone, as one of the requisites of a defeasance, "that it must be made between the same parties that were parties to the first deed," p. 397. (See, also, Jones on Mortgages, § 241, and cases cited.) But in equity, a transaction may be a mortgage although the defeasance be to some other than the grantor. (*Flagg* v. *Mann*, 2 Sum. 486; *Stoddard* v. *Whiting*, 46 N. Y. 627;

*Carr* v. *Carr*, 52 id. 258; *Weed* v. *Stevenson*, Clark's Ch. 166.) In *Flagg* v. *Mann*, STORY, J., says: "A court of law may be compelled in many cases to say that there is no mortgage, when a court of equity would not hesitate a moment in pronouncing that there was an equitable mortgage," and again, "if the mortgagee were to covenant in the mortgage deed, that upon payment of the mortgage money, he would reconvey to the mortgagor, it would clearly be a mortgage. If instead of that he were to covenant that he would convey to such other person as the mortgagor should appoint, it would not be the less a mortgage." In that case the conveyance was by L. and P., and the bond was to reconvey to L. only, who had no title to the land at the time he joined with P. in the conveyance, and the transaction was held to be an equitable mortgage. In *Carr* v. *Carr*, ALLEN, J., says: that to constitute an equitable mortgage, " it is not material that the conveyance should be made by the debtor, or by him in whom the equity of redemption would exist."

In this case the giving of the contract to Mrs. Gaylord was required by Gaylord for his own purposes as part of the transaction. She was, in substance, his appointee to take the title. The obligation to pay the liens entered into by the defendants was, in substance, an agreement to make advances for the benefit of Gaylord, on the security of the land. If the defendants had made the advances they would have been entitled to be subrogated to the position of the lien creditors and to enforce the debts against Gaylord. The breach of their covenant to make advances was a question between the defendants and Gaylord alone, and the covenant did not inure as a contract between the defendants and the plaintiff, so as to give them a right of action. Looking at the whole transaction in the light of equitable principles we think that the defendants, by the deed, acquired only a defeasible title, redeemable by Mrs. Gaylord upon payment of their debt and advances. The recent cases show that the court is disinclined to extend the rule in *Lawrence* v. *Fox*. ALLEN, J., in *Ætna National Bank* v. *Fourth National Bank* (46 N. Y. 82), says that the doctrine of that case "has been yielded to

with reluctance," and the cases of *Turk* v. *Ridge* (41 N. Y. 201); *Hutchings* v. *Miner* (46 id. 456); *Merrill* v. *Green* (55 id. 270); and *Simson* v. *Brown* (68 id. 356), exhibit the inclination of the court not to extend its application to new cases.

Upon the whole case we are of opinion that the plaintiff was not entitled to maintain this action, and the judgment should, therefore, be reversed.

All concur, except MILLER, J., not voting.

Judgment reversed.