Johnson, J.
The plaintiffs in error are the grantees through mesne conveyances of George Braundel, who had executed a mortgage to defendant in error, to secure sundry notes. Upon foreclosure and sale of the mortgaged premises, there was a deficiency. The single question arising in this case is, can the mortgagee maintain an action for this deficiency against the plaintiffs in error ? The mortgagee’s claim to such an action is based upon the covenants or agreements to pay the debt, contained in the deed of French to plaintiffs in error, dated December 24, 1875. The plaintiffs in error resist this claim on *548 three grounds : 1st, that aside from her disability of coverture, Mary Braundel did not make such a covenant with her grant- or, George Braundel, to pay the mortgage, as would inure to the benefit of the mortgagee for this deficiency; 2d, that her covenant contained in the deed to her, was of no legal force by reason of her coverture, and therefore, the covenants of French and of Brewer and Truscott, successive grantees from her, ai’e without legal force, on the ground that such a promise, to be effective, must be made to a person legally or equitably liable, and as Mary Braundel was not so liable, neither are her grantees bound thereby on their covenants; and,’ 3d, but even if plaintiffs in error were so liable by reason of the covenants in the deed to them from French, they were discharged by the release pleaded.
1st. As to the character of the agreement, contained in the deed from the mortgagor to Mary Braundel, aside from any question of coverture. She purchased of George Braundel, the mortgagor, May 3, 1875, paying in cash, five hundred dollars, and taking a general warranty deed containing the following clause: “ said grantee assumes a certain mortgage given by grantor to Mai’tin Maurer, January 27, 1872, and interest thereon, as part of the purchase money P This was not a purchase of the equity of redemption merely, but of the fee, protected by covenants of general warranty, the" purchaser agreeing, as part of the purchase money, to assume the mortgage debt.
"We may assume, for the purposes of this case, that one who purchases subject to a mortgage, is not bound, either expressly or by implication, to pay the deficiency of mortgage debt, even as between him and his grantor. Such a deed is construed as a purchase of the equity of redemption merely.
In a recent case (Fisk v. Tolman, 124 Mass. 254), this was held to be so, where the deed accepted was subject to a specified mortgage, “ which is part of the above named consideration.” It was held, where the consideration named was $11,000, and was subject to a mortgage of $7,000, part of that consideration, that there was no promise to be inferred from the acceptance of the deed on the ground that this clause *549 contains a reference to the consideration. In this and other cases that might be cited, the construction of the transaction is that the purchaser takes only the equity of redemption, and assumes the burden, only so far as the land will go. At most, such a transaction is only one of indemnity as between grantor and grantee, and not a promise to assume and pay the debt that inures to the benefit of the mortgagee.
To determine, therefore, the effect of the contract of Mary Braundel, by accepting the deed containing the assumption to pay this mortgage, as part of the purchase money, we must determine whether it was a purchase of the equity of redemption, or of the land in fee, with an agreement to pay the purchase money in part, by the payment of the mortgage debt. In such case, the purchaser is personally liable to pay the pur-' chase money as agreed.
Mary Braundel’s contract with her grantor was, to pay a certain consideration for a conveyance in fee, to wit, $500, to her grantor, and she was to assume, as part of that consideration, a mortgage of $1,500 and interest.
As between grantor and grantee, this was a promise to pay the $1,500 and interest, by doing which, she would discharge her obligation.
Treating her as a femme sole, it was a binding covenant to pay, enforceable by the grantor or his mortgagee. Such was the manifest intention of the parties. Huyler v. Atwood, 26 N. J. Eq. 504; Pike v. Brown, 7 Cush. 133; Mainwarring v. Powell, 40 Mich. 371; Torry v. Bank of Orleans, 9 Paige, 649; Thayer v. Torrey, 37 N. J. Eq. 339; Comstock v. Drohan, 71 N. Y. 9; Miller v. Thompson, 34 Mich. 10; Heem v. Vogel, 69 Mo. 529; Fitzgeral v. Barker, 70 Mo. 685; Bassett v. Bradley, 48 Conn. 225; Braman v. Dowse, 12 Cush. 227; Tichenor v. Dodd, 3 Green Ch. 454. It is conceded by counsel for plaintiff in error, that where there is such a valid covenant between mortgagor and his grantee, it inures to the benefit of the mortgagee.
2. This brings us to the 2d point, namely, that by reason of her coverture, the agreement of Mary Braundel to pay this debt as part payment of the purchase money, was void at law *550 and good in equity to the extent only of the land purchased, and that inasmuch as she was not liable personally for any de*ficiency, her contract with French by which she agreed to pay the debt, was not enforceable for such a deficiency, and. for the same reason, Brewer and Truscott are not liable.
In Vroomer v. Turner, 69 N. Y. 280, it is held that a grantee of mortgaged premises, who assumes and agrees to pay the mortgage as part of the consideration, is not liable for a deficiency arising upon a foreclosure and sale, in case the grantor was not personally liable, legally or equitably, for the payment of the mortgage debt. To the same purport are the following cases : King v. Whitely, 10 Paige, 465; Garnsey v. Rogers, 47 N. Y. 233; Trotter v. Hughes, 12 N. Y. 74; Crowell v. Currier, 27 N. J. Eq. 152, 650; Nat. Bank v. Segur, 39 N. J. Eq. 173; 29 N. J. Eq. 257, 261-266; Dunning v. Leavitt, 85 N. Y. 30; s. c., 39 Am. R. 617-620.
These eases rest upon the theory, that as the grantor is not personally liable for the mortgage debt, the promise of the purchaser is without consideration to support it, and is, therefore, a nudum pactum, and that, as the right of the mortgagee is derivative merely, to be substituted to his debtor, he can only maintain an action where his debtor could.
As, in this case, the privity existed between the mortgagor and mortgagee, which would give the latter a right to be substituted to the former, on the promise of the purchaser, the only question in fact is, was there a sufficient consideration to support the promise of the plaintiffs in error ?
It may now be regarded as the settled law, that where a valid promise is made to one for the benefit of another, the latter may maintain an action thereon, in his own name. Trimble v. Strother, 25 Ohio St. 378; Burr v. Beers, 24 N. Y. 178; Lawrence v. Fox, 20 N. Y. 268; Pardee v. Treat, 82 N. Y. 385. This last, case is important as one of the latest expositions of the conflicting cases in New Fork, where the promise relates to a mortgage on land. The principle stated on page 385, clearly is, that, if the grantee is bound to pay the debt as his own, he is liable to the mortgagee. The ground upon which the cases rest, that hold that if the grantor is not liable to the *551 mortgagee, the promise of his grantee is invalid, seems to be either want of privity, or want of consideration to support the promise of the grantee. That there is such a privity here, is conceded. If there is a valid consideration to support the promise of the plaintiffs in error, and their grantor, French, no reason is perceived why they should not be bound.
Thus, in Lawrence v. French, 20 N. Y. 268, where one Holly loaned to defendant a sum of money, in consideration that he would pay a like sum to plaintiff, the latter might maintain an action against defendant on his promise to Holly..
In Vrooman v. Turner, supra, it is said : “ There must be either a new consideration, or some prior right or claim against one of the contracting parties, by which he has a legal interest in the performance of the agreement.” This is the doctrine of Thorp v. The Keokuk Coal Co., 48 N. Y. 253. There the mortgagor was not personally liable for the debt, but only for a deficiency upon 'foreclosure. He conveyed the premises to the defendant, subject to the mortgage, which the grantee assumed to pay. In an action by the holder of the mortgage against the grantee, to recover the whole debt without foreclosure, it was claimed, that as the grantor was only liable for the deficiency, that was the extent of the grantee’s liability,, therefore, no action would lie for the whole debt, nor until after foreclosure. It is stated by the court, as the foundation of the right of action in such a case, that “ it is sufficient if the-promise be made by the promisor upon a sufficient consideration passing between him and the promisee, and when the third person adopts the acts of the promisee in obtaining- the-promise for his benefit, he is brought in privity with the- promisor, and he may enforce the promise as if it were madfe-dir.ectly to him.”
Again, “ It matters not that the mortgagor was-not liable-to pay personally, until after foreclosure, and then only for the deficiency. It would have made no difference-if he had not been liable at all, the defendant having promised^ upon a• sufficient consideration, to pay the debt.”
The case of Paige v. Whitely, 10 Paige, 465, is said to be-contrary to this, but in fact is only another phase of. the ques *552 tion. There it was not claimed there was any other consideration to support the promise than the conveyance of the equity of redemption, subject to the mortgage debt, which he was to pay as part of the consideration. In that case the grantors, who were not liable, conveyed by quit-claim.
This question arose in Merriman v. Moore, 90 Pa. St. 78. That was an action, like the present, to recover for a deficiency, against a grantee, who held under a deed, subject to a mortgage which the grantee had verbally assumed to pay as part of the purchase money. There, as here, it was insisted, that as the grantor was under no personal obligation to pay the debt, his grantee’s promise to pay the same was not binding, for want of a consideration.
The court say, the consideration was the price of the land. It was nothing to the grantee what the grantor did with the purchase money. He might direct how it should be paid. If the vendee agrees to pay it as the vendor directs, the former cannot set up, as a defense, that his vendor was under no duty to apply it in that way. If this principle be sound, and I see no reason - to question it in a case like the present, then it follows, that the plaintiffs in error are liable on their covenant to pay, even though Mary Braundel was not. French, when he sold the land to them, made his conveyance subject to this mortgage, which they agreed to pay, as part of the purchase money.
He, for reasons that are obvious, having assumed this debt, and having warranted the title, devoted a portion of the purchase money, equal to the debt, to its discharge. At that time, the debt was not all due. The promise was to pay the purchase money in the way specified in said mortgage. It was a promise for the benefit of all prior grantors, including the mortgagor. No reason .can be perceived, why, in the furtherance of justice, the plaintiffs in error should not pay the purchase money in the manner they had contracted to pay, and therebj' relieve the mortgagor, through whom they claim, from his liability.
We do not, however, assent to the doctrine that the coverture of Mary Braundel rendered her promise void. It was in *553 equity good to the extent of the real estate purchased, and might in her hands be charged with-the debt. As a vendee in possession of land which she had capacity to buy, her contract to pay the purchase money, in the way stipulated, was, in equity, as binding as that of a femme sole, and could not be repudiated. The only limitation to this is, that it is a liability chargeable on her separate estate for which she is not personally. bound, beyond such separate estate.
Although she would not have been personally liable for any deficiency, either to her grantor or to the mortgagee, yet she was in possession of a fee simple title, which she could convey. Having capacity to convey (her husband joining), she was legally capable of stipulating for the amount and manner of payment of the purchase money. French’s notes to her for the same, would have been valid. It would have been no defense to an action on them that she was a.femme covert. She would not have been liable personally on a covenant to convey, or on her covenants of warranty in her deed to French, but having, by a valid conveyance, fully executed the contract on her part, her grantee could not plead her coverture to escape the performance of his obligation made to her, as to the payment of the purchase money. Had her contract with her grantee been executory merely, such a plea might have availed him, but being executed on her part, French could not escape the performance of his promise. The promise of French to her was, therefore, a valid contract. The consideration for it was the purchase money, which she had the right to stipulate for, and direct how it should be paid, and which he agreed to pay in the manner stated. Upon her executing the conveyance to him, his promise to her was as binding as if she were a femme sole. This being so, he was personally bound, and in like manner, his grantees became bound to him. The several grantees being in privity with the mortgagor, the chain is perfect.
In Meiley v. Butler, 26 Ohio St. 535, this court held that where a married -woman had induced a purchaser to buy land owned by her, by agreeing that he might deduct from the purchase money a debt due him from her husband, she could not, *554 after a conveyance of the land, repudiate this agreement as to the husband’s debt, and compel the purchaser to pay the contract price to her. So in the present case, after inducing French to buy, agreeing that he might deduct from the purchase money, sufficient to pay off a mortgage on the land, and thus make the title clear, she could not, after the deed was executed, repudiate the contract, and compel him to pay to her this amount, leaving the incumbrance on the land.
Our conclusion is, that the covenants of her grantees are invalid, notwithstanding her coverture.
III. The only remaining question is, whether the release of defendants by French, discharged them from liability to the mortgagee.
In Trimble v. Strother, 25 Ohio St. 378, it was held a good defense to an action to recover a debt, which defendant had agreed with a third party to pay to plaintiff, to show that before the plaintiff had assented to, or acted on the promise made in his favor, the agreement had been rescinded. To the same effect is Crowell v. Hospital of Saint Barnabas, 27 N. J. Eq. 650.
In the case at bar, the answer alleges that after plaintiffs in error had accepted their deed from French, containing the agreement to pay, he, for a valuable consideration, released and discharged them therefrom. Giving this answer a liberal interpretation instead of a technical one, we think it a sufficient plea of a release, and, therefore, the demurrer of the plaintiff below should have been overruled. No such release after the rights of the mortgage had become fixed, would operate as a discharge. The contract for the benefit of the mortgagee was one which ho could avail himself of or not, at his election, but until he had done some act which fixed his right, it was competent for the parties thereto, in good faith, and for a valuable consideration^ to rescind or cancel it.

Judgment reversed a/nd the cause is remanded.