ABBY ROGERS CLARK, Respondent, *v.* HIRAM HOWARD and Another, Appellants.

*Guarantee of the payment of a debt — privity of contract necessary.*

Upon the trial of an action brought to recover from the defendants the amount of the indebtedness of one Frances D. Hoyt to the plaintiff in such action, it appeared that Hoyt, being indebted to the defendants and to the plaintiff, entered into an agreement, under seal, with the defendants, reciting his indebtedness to them and to the plaintiff, the sale, transfer and assignment of all his stock of jewelry, book accounts, etc., to the defendants to secure and pay such indebtedness to them, and that in consideration of the premises and of the sum of one dollar paid to the said Hoyt by the defendants, such defendants agreed to guarantee to the plaintiff the payment to her of the sum of money owing to her by said Hoyt, within five years from the date of such agreement. The defendants took possession of the property of Hoyt under such agreement, sold the same and applied the proceeds thereof upon the debt due from Hoyt to them.

The referee before whom the action was tried found that Hoyt did not act as the agent of the plaintiff in any of the transactions between him and the defendants, and directed judgment in favor of the plaintiff.

*Held*, that as there was no privity of contract between the defendants and the plaintiff the judgment was improper and should be reversed;

That in order to entitle the creditor to enforce such an agreement an obligation must exist or be created in favor of the principal debtor, which the latter can enforce, and that such a liability did not exist under the facts proved in this case. (HERRICK, J., dissenting.)

APPEAL by the defendants, Hiram Howard and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Warren on the 19th day of December, 1892, upon the report of a referee.

*Charles H. Machin* and *Esek Cowen*, for the appellants.

*King & Ashley*, for the respondent.

MAYHAM, P. J.:

Francis D. Hoyt being indebted to the defendants in the sum of thirteen thousand five hundred and ten dollars and eighty-nine cents ($13,510.89) and to this plaintiff in the sum of twenty-eight hundred dollars ($2,800) and to Edward W. Davenport in the sum of twenty-five hundred dollars ($2,500), made the following agreement with the defendants :

" Agreement made and entered into this twenty-first day of August, 1886, by and between Francis D. Hoyt of the city of New York, party of the first part, and Hiram Howard and Stephen C. Howard, composing the firm of Howard & Son of Providence, Rhode Island, and New York city, parties of the second part.

" WHEREAS, the party of the first part is justly indebted to the parties of the second part in the sum of thirteen thousand five hundred and ten and 89-100 dollars, of which four thousand is represented by the indorsement by the parties of the second part of the paper of the party of the first part, seven thousand four hundred ninety-five and 38-100 dollars thereof by the notes of the party of the first part, given to the parties of the second part for merchandise sold and delivered ; six hundred dollars thereof for cash loaned and fourteen hundred and fifteen and 51-100 dollars for merchandise sold and delivered and now in open accounts ; and the party of the first part, to secure and pay to the parties of the second part the said indebtedness, has this day sold, assigned, transferred and delivered to them all his stock of jewelry, book accounts, bills receivable

and fixtures in his business carried on at No. 456 Broadway, New York city, as per bill of sale this day executed and delivered to the parties of the second part.

"And WHEREAS, the party of the first part is justly indebted to Mrs. Abby Rogers Clark in the sum of twenty-eight hundred dollars for money loaned, and to Edward W. Davenport the sum of twenty-five hundred dollars for money loaned,

" Now, in consideration of the premises and the sum of one dollar paid to the party of the first part by the parties of the second part, the parties of the second part hereby agree to guarantee to the said Abby Rogers Clark and Edward W. Davenport the payment to them and each of them of the said sums of money so owing to them as aforesaid, within five years from the date hereof, with interest.

" In witness whereof the parties have hereunto set their hands and seals the day and year first above written.

" FRANCIS D. HOYT,   [L. s.]

" HOWARD & SON,   [L. s.]

" H. HOWARD.   [L. s.] "

Under this agreement the defendants took possession of the property mentioned in it, Hoyt acting as the agent of the defendants in conducting the business for about two months, when the defendants sold out the goods and business and applied the proceeds upon the debt due from Hoyt to them.

The referee expressly finds that Hoyt did not act as the agent of the plaintiff in any of these transactions between Hoyt and defendants. After the lapse of five years from the making of the above contract between Hoyt and the defendants, the plaintiff demands of defendants payment of the amount of Hoyt's indebtedness to her, which was refused, and thereupon the plaintiff brings this action.

The referee finds in her favor, and orders judgment against the defendants for the amount Hoyt owed her, with interest.

The defendants on this appeal contend that no valid liability was created by the contract between Hoyt and them, upon which the plaintiff can maintain this action.

The plaintiff took no part in the making or carrying out of the provisions of the contract between Hoyt and defendants.

There was, therefore, no privity of contract in fact between the defendants and plaintiff. The plaintiff, so far as the case discloses, never released her claim against Hoyt, or agreed to accept and look to the defendants as her debtors on the debt due her from Hoyt. Nor was there any debt due from the defendants to Hoyt, which Hoyt by this contract assumed to transfer to the plaintiff in payment of her claim against him.

The defendants did not become Hoyt's debtor by the purchase of these goods, but received the same only in part extinguishment of a debt due from Hoyt to them.

There was no cause of action created in favor of Hoyt, and no consideration moving from the plaintiff to the defendants to uphold this guaranty in plaintiff's favor. The contract, if construed literally, was but a guaranty for the payment by Hoyt of his indebtedness to the plaintiff. I know of no principle upon which a principal debtor can maintain an action against his guarantor because of his own default. It is true that if the debt had been contracted on the strength of the guaranty, the creditor, on default of the principal debtor, might maintain an action, because then there would be a consideration of harm to the creditor, moving between the guarantor and him, which would support an action against the guarantor by the creditor.

I think, therefore, this case is clearly distinguishable from any of the cases relied upon by the learned counsel for the plaintiff upon this point.

In *Lawrence* v. *Fox* (20 N. Y. 268) Holley loaned to Fox three dollars, and at the time of the loan informed Fox that he owed Lawrence that amount, which was due the next day, and Fox thereupon, at Holley's request, agreed to pay the money to Lawrence when due. Here a debt was created against Fox, for which Holley had a right of action at law. Not so in the case at bar; Hoyt never had a right of action at law against the defendants, and it cannot be claimed that this action can be maintained to prevent circuity of action by compelling the defendants to pay Hoyt's debts, for the simple reason that defendants owed Hoyt nothing for which he could maintain an action against them.

Nor can it be said in this case, as was said by the majority of the judges in *Lawrence* v. *Fox* (*supra*), that this promise was made

to the plaintiff by the defendants through the medium of Hoyt as their agent, as the referee has expressly found that no agency existed.

In *Smith* v. *Perine* (121 N. Y. 376), cited by the plaintiff, the promise was by Perine to his son and wife, to pay her one-half of a debt due the son and was upon the express ground that he owed his son and was made directly to the wife. It was, therefore, in fact and in principle unlike the case at bar. In *Williams* v. *Fitch* (18 N. Y. 546), to which our attention is called by the plaintiff, the trustee of a fund to which he would succeed in case of intestacy, to prevent the making of a will of such fund to a third person, promised to hold the fund for the benefit of the intended legatee, and it was held that the arrangement was made in contemplation of death by the party intending the legacy, and was equivalent to the delivering of the security in the hands of the trustee so as to take effect as a *donatio causa mortis.*

In *Evansville Nat. Bank* v. *Kaufmann* (93 N. Y. 273) it was held in effect that a consideration moving between the guarantor and principal debtor is essential to support the guaranty.

In all these cases cited by the learned counsel for the respondent, as well as all other cases which we have been able to find upon this subject, when a guaranty or promise is made to inure to the benefit of a creditor of the principal debtor, an obligation has existed or a liability has been created against the guarantor and in favor of the principal debtor, which the latter might enforce.

Here, as we have seen, no such liability exists, and thus this case is distinguishable from all that line of cases relied upon by the respondent.

It being clear that the defendants were not the debtors of Hoyt, and did not become so by the transfer of these goods and this business to them, in part payment of a debt due them by him, it must follow that any money which the defendants might advance either to Hoyt to pay the plaintiff, or to the plaintiff herself, on this guaranty as the case stood, would create an indebtedness from Hoyt to the defendants. Suppose Hoyt had attempted to sue defendants in an action at law upon this guaranty, could he have recovered the amount of the debt due from him to the plaintiff? Clearly not, for the reason that the moment that he recovered or received that

amount of the defendants he would have become their debtor to that amount.

In *The Bradford & Cuba R. R. Co.* v. *New York, Lake Erie & W. R. R. Co.* (123 N. Y. 316), Judge PECKHAM, in discussing a question somewhat analogous to this, says: " Of course, in the action at law, there must be proof in the case showing, in some form, and to some extent, the amount of the damages that the plaintiff has sustained by the defendant's breach of his agreement. And it is equally plain that it must be a rare case, indeed, where it can be said that a person has sustained any damages by the refusal of another to advance money which he has agreed to advance, *where the person to whom it is to be advanced is,* by the agreement, under a valid obligation to pay it back immediately."

If Hoyt could not recover, the plaintiff, as we have seen, could not, as there is no privity of contract between the defendants and her. The promise was not, therefore, for the benefit of the plaintiff, but was rather a promise to advance money for the benefit of Hoyt, to pay his debt, and is, therefore, unlike and not within the principle of the decision of *Lawrence* v. *Fox.*

In principle it is more nearly analogous to *Garnsey* v. *Rogers* (47 N. Y. 233). In this case Hermans, who was the owner of lands on which Garnsey held two mortgages, desiring to secure a sum of money to Rogers, conveyed the same to him with a parol defeasance, the deed, however, containing an assumption clause by which Rogers agreed to pay to Garnsey the amount of the prior mortgage upon the property. An action was brought by Garnsey upon this assumption clause, and it was contended that the case was within the principle of *Lawrence* v. *Fox* and *Burr* v. *Beers* (24 N. Y. 178), and the Court of Appeals, by RAPALLO, J., held that the conveyance was but a mortgage, and, after noting the difference between that case and those above referred to, says: " Regarding the conveyance as a mortgage, the stipulation was in effect to advance to the promisee on the security of the property, to discharge prior liens, and was made for the benefit of the promisee only. If such a contract could be enforced by the creditor, who would be incidentally benefited by its performance, every agreement by which one party should agree with another, for a consideration moving from him, to become security

for him to his creditors — *or to advance money to pay his debts, could be enforced by the parties whose claims were thus to be secured or paid.* I do not understand any case to go this length."

Again, in *Pardee* v. *Treat* (82 N. Y. 385), ANDREWS, J., in discussing the effect of an assumption clause in a deed, uses this language : " We think the true result of the decisions upon the effect of an assumption clause in a deed is that it can only be enforced by a lienor, where in equity the debt of the grantor secured by the lien *becomes, by the agreement between him and his grantee, who assumes the payment of the debt of the latter.* On the other hand, if the assumption is in aid of the grantor upon the security of the land, and not, as between them, a *substitution of the liability of the grantee for that of the grantor,* or, in other words, if in equity, as at law, *the grantor remains the principal debtor, then the assumption clause is a contract between the parties to the deed alone,* and the liability of the grantee for any breach of his obligation is to the grantor only."

In *Roe* v. *Barker* (82 N. Y. 432) the plaintiff contracted to sell land to H. for $1,350, payable $300 at date of contract and the balance in annual payments of $300 each ; H. assigned this contract to the defendants in payment of a debt due them, and of $300 in goods out of their store. This assignment was complied with on agreement that H. might redeem. After payments fell due to the plaintiff on this contract, he brought suit against the defendants to recover such payments. In discussing the liability of the defendants upon these facts, FINCH, J., says : " The most that can be said, therefore, if we strain the evidence to its utmost limits, is that the defendants agreed to make for H. advances upon the contract which he should repay, if he was able, when he redeemed it from the defendants, and that until that time the latter held it as collateral security for their advance already made to him, and such as they might thereafter make for him upon the contract. This was, therefore, no absolute promise to pay the plaintiff at all. No assumption of the debt due to the vendor so as to make it the debt of the defendants. * * *"

The case falls within the rule declared in *Garnsey* v. *Rogers* (47 N. Y. 239), and the transaction between Hoyt and defendants gave no right of action to the plaintiff. Other authorities might be cited,

if necessary, holding that when the principal debtor remains liable on the debt due the plaintiff, and there is no privity of contract between the plaintiff and guarantor, and no debt or liability existing from the guarantor to the principal debtor, an action in favor of the plaintiff against the debtor will not lie against the guarantor.

We are, therefore, of the opinion that the plaintiff has not, by her complaint or proof, established a cause of action againt the defendants, and that the judgment must be reversed.

Judgment reversed, referee discharged and a new trial ordered, costs to abide the event.

PUTNAM, J., concurred; HERRICK, J., dissenting.

Judgment reversed, referee discharged, new trial granted, costs to abide the event.